**Ruth Ann Wuerth TRIMBUR, Plaintiff–Appellant,**

v.

**The KENTUCKY LOTTERY CORPORATION et al., Defendants–Appellees.**

**No. 01–5040.**

United States Court of Appeals, Sixth Circuit.

May 22, 2003.

Before KRUPANSKY, SILER, and GILMAN, Circuit Judges.

OPINION

GILMAN, Circuit Judge.

Ruth Ann Wuerth Trimbur was arrested for cashing two lottery tickets that had been reported as stolen by the Rite–Aid store where she had purchased them two months earlier. Three weeks after Trimbur's arrest, all criminal charges against her were dropped. Trimbur stipulated that probable cause existed for her arrest as part of her agreement with the state prosecutor to have all of the criminal charges dismissed. She then sued the Kentucky Lottery Corporation, Rite–Aid, the investigating police officers, and the Jefferson County Judge/Executive, alleging numerous civil rights violations and tort claims in conjunction with her arrest. After considering the defendants' respective motions for summary judgment, the district court dismissed all claims against the police officers and the County Judge/Executive. The court, in a separate order, also dismissed all of Trimbur's claims against the Kentucky Lottery and Rite–Aid except for those sounding in negligence. After a jury trial on the negligence claims, the district court entered judgment for the Kentucky Lottery and Rite–Aid based upon the jury's verdict. For the reasons set forth below, we **AFFIRM** all three judgments of the district court.

## I. BACKGROUND

### A. Factual background

Trimbur purchased two Kentucky lottery tickets from a Rite–Aid store in Louisville, Kentucky on March 8, 1997. The next day, an unidentified person stole an entire lottery ticket dispenser from the store. Trimbur's two tickets were among those reported as stolen to the Kentucky Lottery Corporation. Two months later, Trimbur attempted to redeem the two tickets, worth a total of $3.00, at a Party Mart store in Louisville. The Lottery's computerized database identified the two tickets as lost or stolen, which caused a Lottery agent to promptly call the Jefferson County police to investigate.

Three police officers arrived on the scene. Although precisely what took place at the Party Mart store is disputed, Trimbur apparently was uncooperative and resistant to the officers' attempts to investigate the situation. The officers testified that she spoke to them in a loud tone of voice and was repeatedly told to speak more quietly. Based upon the information

available to the officers, Trimbur was arrested for disorderly conduct, resisting arrest, and possession of forged instruments. All criminal charges against Trimbur were subsequently dropped in exchange for her stipulation that probable cause existed for the arrest.

## B. Procedural background

Trimbur alleged that the police officers disregarded her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments in conjunction with her arrest, the subsequent search of her purse, and her detention in jail for several hours. She asserted claims of negligence, gross negligence, and negligence per se against the Kentucky Lottery and Rite–Aid. Against all parties except Rite–Aid, Trimbur alleged false arrest, false imprisonment, malicious prosecution, and intentional and/or negligent infliction of emotional distress. Finding probable cause for her arrest, the district court granted summary judgment on all claims against the police officers and the County Judge/Executive, and on all claims against the Kentucky Lottery and Rite–Aid except for those sounding in negligence. The negligence claims proceeded to a trial by jury. In December of 2000, the district court entered judgment for the Kentucky Lottery and Rite–Aid based upon the jury's verdict in favor of the defendants.

Although Trimbur was represented by counsel at all prior stages of this case, she now appeals the three judgments of the district court pro se. Trimbur alleges errors ranging from the granting of the motions for summary judgment to the district court's rulings during discovery and trial.

## II. ANALYSIS

### A. Standard of review

We review the district court's grants of summary judgment de novo. *Sperle v.*

*Mich. Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir.2002). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

All of Trimbur's alleged errors concerning the district court's conduct of pretrial discovery and of the trial itself are reviewed under the "abuse of discretion" standard. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir.1993) ("It is well established that the scope of discovery is within the sound discretion of the trial court.") (internal quotation marks omitted); *United States v. King*, 127 F.3d 483, 486–87 (6th Cir.1997) ("We review the district court's denial of a motion for a continuance for an abuse of discretion."); *Sommer v. Davis*, 317 F.3d 686, 693 (6th Cir.2003) ("Abuse of discretion is the proper standard of review of a district court's evidentiary rulings.") (citations and internal quotation marks omitted).

Finally, the district court's alleged errors regarding the jury instructions are reviewed to determine whether they are a correct interpretation of the relevant law. *Vance v. Spencer County Public Sch. Dist.*, 231 F.3d 253, 263 (6th Cir.2000) (holding that the court reviews jury instructions "as a whole to determine whether they adequately inform the jury of rele-

vant considerations and provide a basis in law for the jury to reach its decision.") (internal quotation marks and citations omitted).

**B. The district court properly granted motions for summary judgment on all claims against the police officers and the Jefferson County Judge/Executive, and on all claims against the Kentucky Lottery and Rite–Aid except for those sounding in negligence**

■ The district court dismissed the bulk of Trimbur's claims on motions for summary judgment based upon its finding of probable cause for Trimbur's warrantless arrest. We conclude that the court properly analyzed the issues pertaining to the motions for summary judgment in its Memorandum Opinion and Order dated April 23, 1999 that dismissed all claims against the police officers and the County Judge/Executive, and in its March 27, 2000 Opinion and Order dismissing all claims against the Kentucky Lottery and Rite–Aid except for those sounding in negligence.

The district court held that the undisputed facts in the record demonstrated that probable cause existed to arrest Trimbur, thus leading to the dismissal of all of her claims against the police officers. Specifically, the court found that upon arriving at the Party Mart store, the officers knew that two reportedly stolen lottery tickets had just been redeemed by Trimbur. Trimbur vehemently denied that the tickets were stolen when the officers arrived, but there was no way for them to determine any differently at the time of the arrest. The district court held that the inferences and facts available to the officers at the scene were sufficient to find that probable cause existed to arrest Trimbur. In addition, Trimbur had stipulated that probable cause existed for her arrest as part of her settlement of the state criminal charges. Regarding her claims against the Kentucky Lottery and Rite–Aid, the district court held that Trimbur's stipulation of probable cause for her arrest barred most of those claims as well. *See Broaddus v. Campbell,* 911 S.W.2d 281, 283 (Ky.App.1995) (holding that an unconditional stipulation of probable cause bars claims of false arrest, false imprisonment, and malicious prosecution against all parties, not just the police).

■ In addition, in both summary judgment opinions, the district court held that Trimbur had not pled sufficient facts to meet her burden of proof on her emotional-distress claims. The district court correctly held that Trimbur pled nothing to show that the police knew or should have known "that the[ ] arrest would have resulted in emotional distress that would in turn result in bodily harm to [Trimbur]." On appeal, Trimbur simply reiterates the fact that she was humiliated and distressed by her arrest, but shows nothing from which a factfinder could determine that the police had any awareness that their conduct would cause her harm.

■ The district court also held that Trimbur had not pled facts sufficient to support any First, Fifth, or Eighth Amendment claims, and that a finding of probable cause for her arrest defeated Trimbur's Fourth and Fourteenth Amendment claims. In further support of the district court's disposition on summary judgment, Rite–Aid points to the fact that Trimbur raised no allegations of error as to the summary judgments in her post-judgment motions in the district court, nor has she advanced any new arguments on appeal regarding these judgments. Upon review, we conclude that the district court properly dismissed the claims in question.

## C. The district court properly ruled on the discovery, pretrial, and evidentiary matters about which Trimbur complains on appeal

Trimbur contends that there were numerous errors committed by the district court during the course of the trial on her negligence claims against the Kentucky Lottery and Rite–Aid. Her allegations are wide-ranging, but they point to nothing sufficient to establish that the district court abused its discretion in conducting the trial.

■ Specifically, Trimbur argues that the district court abused its discretion by denying her last-minute motions to continue her trial date and to compel additional discovery against Rite–Aid, and in denying her the use of certain documents and witness testimony as evidence. The facts and circumstances surrounding each of these alleged errors, however, clearly show that the district court did not abuse its discretion.

First, the magistrate judge, in charge of all pretrial discovery, noted that Trimbur had unduly delayed the filing of her motion to compel, and that her discovery requests were overbroad. The record shows that Trimbur waited until two weeks before trial to file her motion to compel, and that her request to Rite–Aid for all documents covered "each and every sales transaction involving the sale of consumer goods–including but not limited to Kentucky lottery tickets" for a three and a half month period. We agree with the magistrate judge that Trimbur's motion to compel was untimely and that her request for documents was "unusually overbroad."

■ Just as there is no evidence of an abuse of discretion by the district court on the discovery matters, there is similarly no evidence of an abuse of discretion by the district court in denying Trimbur's motion for a continuance filed one week prior to trial. The district court thoroughly addressed Trimbur's motion in a Memorandum and Order, finding that she had not made any showing that her preparation for trial would be aided by an extension of time. Trimbur argues nothing new on appeal to suggest that the district court abused its discretion in denying her motion.

■ Trimbur further contends that the district court abused its discretion in excluding from evidence a confidential security audit prepared by the Kentucky Lottery. In the context of a motion in limine, the magistrate judge inspected this document *in camera* and concluded that it had no relevance to the issues to be presented at trial. The district court agreed. Trimbur has failed to demonstrate how she was prejudiced by her inability to use the document at trial. She has simply alleged that she was prejudiced and that the document could have provided context to her negligence claims. But she has not shown that the district court abused its discretion in making its ruling.

■ Trimbur next complains that the district court erred in limiting the proffered testimony of her minister, Thomas Bumpas. She sought to have her minister testify as an expert concerning her distressed state of mind. But Trimbur filed no pretrial disclosures regarding expert witnesses pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. She also refused to turn over Bumpas's records detailing his counseling sessions with her. As a result, the district court ruled that Bumpas could testify only as a fact witness. This caused Trimbur and her attorneys to not call Bumpas to testify. Because Trimbur failed to comply with Rule 26(a), there is no basis to conclude that the district court abused its discretion in limiting the scope of Bumpas's testimony.

Trimbur also argues on appeal that she was not permitted to call Margaret Gibbs, Chief Operating Officer of the Kentucky Lottery, as a witness at trial. Gibbs, however, was released from her subpoena to testify when Trimbur failed to timely identify Gibbs as a witness whom she intended to call. Trimbur thus has no basis for her claim that the district court abused its discretion in releasing Gibbs's subpoena when Trimbur failed to identify Gibbs as a witness at the time the court requested this information.

### D. The district court properly entered judgment for the Kentucky Lottery and Rite–Aid

Finally, Trimbur contends that the district court erred in its instructions to the jury. She does not discuss this issue on appeal, but simply refers the court to her motion for a new trial. In that motion, she disputes the order in which the instructions were given, not their substance. Trimbur failed to explain in her brief why the jury instructions did not properly reflect the law. We thus have no basis to conclude that the district court abused its discretion in instructing the jury. Judgment for the Kentucky Lottery and Rite–Aid based upon the jury's verdict was therefore properly entered.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** all three judgments of the district court.