JOURNAL ENTRY AND OPINION
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).
 {¶ 1} Plaintiff Donald F. Weitzman (appellant) appeals the trial court granting summary judgment to ISG Cleveland Works Railway Company (ISG), in his Federal Employers' Liability Act (FELA) and disability discrimination case to recover damages for injuries suffered during his employment at ISG. After reviewing the facts of the case and pertinent law, we affirm in part, reverse in part, and remand.
 I {¶ 2} On May 2, 2004, appellant, who worked as part of a two-person operating technician crew at ISG, fell and dislocated his shoulder while dismounting from an ISG locomotive. It is undisputed that it was raining hard that day, and the gravel on the railroad yard was wet. Appellant claims that ISG maintained the area poorly, allowing improper drainage areas to be left untreated. Appellant further argues that when he dismounted the train, the ground under his feet washed away because of the heavy rains and poor drainage, causing him to fall and injure himself. Appellant alleges that his injuries were caused, at least in part, by ISG's negligence in failing to provide a safe workplace.
 {¶ 3} Additionally, appellant claims that ISG discriminated against him because of his disability when they did not find a more accommodating position for him to work in after his injury. Eventually, appellant argues, ISG put him in a sedentary job at the adjacent steel mill; however, he was never compensated for the time period he was out of work. *Page 4 
 {¶ 4} ISG, on the other hand, argues that appellant dismounted the train face-first, which is a violation of the company's safety rule requiring employees to dismount a train using three points of contact and facing the equipment. Appellant does not dispute this fact. ISG further argues that the only evidence appellant presented to show the company's alleged negligence is appellant's own testimony and that no evidence exists to show that ISG knew of the alleged negligence.
 II {¶ 5} In his sole assignment of error, appellant argues that "the trial court committed reversible error in granting summary judgment to defendant-appellee."
Summary judgment {¶ 6} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.Dresher v. Burt (1996), 75 Ohio St.3d 280.
FELA {¶ 7} Pursuant to 45 U.S.C. 51, FELA provides that every common carrier by railroad shall be liable to any employee who suffers work related injuries or death resulting in whole or in part from the railroad's negligence. See, also, Hess v. Norfolk Southern RailwayCo., 106 Ohio St.3d 389, 2005-Ohio-5408. *Page 5 
 {¶ 8} Although state procedural law dictates our standard of review governing summary judgment motions, the substance of FELA claims are governed by federal negligence standards, with no regard to Ohio state law. See Hinkle v. Norfolk and Western Railway Co. (July 18, 1996), Cuyahoga App. No. 69815. Furthermore, FELA is to be liberally construed to further its remedial goal. Id. However, "FELA is not a worker's compensation statute nor does it make an employer the insurer of the safety, mental health, and well-being of its employees. Negligence is the basis of the employer's liability, not the fact of injury."Bianco v. Philadelphia (E.D.Pa. 1995), Civil Action No. 93-4828 (internal citations omitted).
 {¶ 9} "To prevail on a FELA claim, a plaintiff must `prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" Vance v. Consolidated Rail Corp. (1995), 73 Ohio St.3d 222, 230 (quoting Adams v. CSX Transp., Inc. (C.A. 6, 1990), 899 F.2d 536, 539; Robert v. Consol. Rail Corp. (C.A. 1, 1987), 832 F.2d 3, 6).
 {¶ 10} In the instant case, the parties agree that appellant's fall while exiting the train caused his injuries. What is disputed, however, is whether ISG breached its duty owed to appellant. To get past summary judgment, a "plaintiff must produce something more than a scintilla of evidence of negligence to establish a jury-submissible claim under FELA." Wilhelm v. CSX Transp. Inc. (C.A. 6, 2003), 64 Fed.Appx. 973, 977. The Wilhelm court also held that railroads have a duty to *Page 6 
provide a reasonably safe place to work by exercising ordinary care against hazards. Id. "A railroad breaches its duty to its employees by failing to provide a safe working environment if it knew or should have know that it was not acting adequately to protect the plaintiff and similarly situated employees." Id. See, also, Urie v. Thompson (1949),337 U.S. 163.
 {¶ 11} In the instant case, appellant argues that the drainage ditch has been poorly maintained for the 30-plus years he has worked for the railroads in Cleveland. Additionally, he maintains that other employees complained about excessive water accumulation and inadequate gravel in the area of appellant's fall. "Congress vested the power of decision in [FELA] actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury." Rogers v. MissouriPacific Railroad Co. (1957), 352 U.S. 500, 510. While the record shows that appellant violated a safety policy and it was raining on the day of the injury, a question of fact remains as to whether ISG was negligent in maintaining the gravel and/or drainage area in the vicinity of appellant's fall. "[N]umerous FELA actions have been submitted to a jury based upon * * * evidence scarcely more substantial than pigeon bone broth." Harbin v. Burlington Northern Railroad Co. (C.A. 7, 1990),921 F.2d 129, 132. *Page 7 
 {¶ 12} Accordingly, because there is a disputed fact material to a FELA claim, we find that the court erred in granting summary judgment to ISG, and his first assignment of error is sustained pertaining only to his FELA claim.
Disability discrimination {¶ 13} R.C. 4112.02(A) states that it is unlawful for "any employer, because of the * * * disability * * * of any person, to * * * discriminate against that person with respect to * * * any matter directly or indirectly related to employment." To establish a prima facie case of disability discrimination, the employee must show that 1) he or she is disabled; 2) the employer took an adverse employment action against the employee because of that disability; and 3) the employee could safely and substantially perform the essential functions of the job. Hood v. Diamond Prod., Inc. (1996),74 Ohio St.3d 298. "Disability," as defined in R.C. 4112.01(A)(13), is "a physical or mental impairment that substantially limits one or more major life activities * * *."
 {¶ 14} In the instant case, the court's July 14, 2006 journal entry granting ISG's summary judgment motion stated the following: "Plaintiff fails to provide any evidence that he is disabled. Plaintiff has not produced any statistical evidence or expert evidence related to his employment opportunities. There is no evidence that plaintiff has pursued other employment opportunities." *Page 8 
 {¶ 15} In summary, appellant presented no evidence to support any of the elements of a disability discrimination. The record is void regarding what happened to appellant between May 2, 2004, when appellant suffered his injury, and an unspecified date when ISG provided appellant a sedentary job after his claim was filed. Appellant fails to allege that ISG took an adverse employment action against him, let alone specify exactly when and what that action was.
 {¶ 16} Accordingly, summary judgment as to appellant's disability discrimination claim is affirmed.
 {¶ 17} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
 SEAN C. GALLAGHER, P. J., and KENNETH A. ROCCO, J., CONCUR. *Page 1