FIELDS, Exr., Appellee,

v.

CSX TRANSPORTATION, INC., Appellant.

[Cite as *Fields v. CSX Transp.*, 189 Ohio App.3d 268, 2010-Ohio-3877.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93813.

Decided Aug. 19, 2010.

Doran & Murphy, L.L.P., Michael L. Torcello, and Christopher Murphy, for appellee.

Burns, White & Hickton, L.L.C., David A. Damico, and Ira L. Podheiser, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, CSX Transportation, Inc. ("CSX"), appeals the trial court's denial of its motion to administratively dismiss the complaint of plaintiff-appellee, Pearl Fields ("Pearl"), the representative of the estate of Paul Fields. Finding merit to the appeal, we reverse and remand.

{¶ 2} In June 2008, Pearl brought an action against CSX under the Federal Employers' Liability Act and the Locomotive Inspection Act, alleging that CSX negligently allowed her husband, Paul, to be exposed to various substances, including asbestos and asbestos dust, while working as a conductor for CSX. Pearl alleged that Paul developed severe and permanent injuries, including lung cancer.[1]

{¶ 3} In January 2009, CSX moved to administratively dismiss Pearl's complaint for failure to comply with the prima facie filing requirements of R.C. 2307.92 and 2307.93. CSX argued that because Paul was a smoker, for purposes of R.C. 2307.92 and 2307.93, Pearl was required to establish a prima facie case through competent medical authority. Pearl opposed the CSX motion, arguing that Paul was not a smoker as defined under R.C. 2307.91(DD), and as a result, she did not have to establish a prima facie showing under R.C 2307.92. In support of her response, Pearl included her own affidavit averring that to her knowledge, Paul quit smoking in 1991. Following a hearing, the trial court denied CSX's motion to administratively dismiss Pearl's complaint. CSX then filed a motion for reconsideration, which Pearl opposed. The trial court conducted another hearing in June 2009, at which the parties argued whether Pearl adequately proffered the prima facie evidence of Paul's physical impairment and whether she complied with the requirements of R.C. 2307.92.

{¶ 4} Thereafter, the trial court issued an order denying CSX's motion for administrative dismissal, finding that Pearl "carries no burden to present evi-

---

1. The second cause of action relates to an alleged aggravation of a pre-existing condition, and the third cause of action asserts a wrongful-death claim.

dence that [Paul] is a non-smoker under the statute. Even so, applying the summary judgment standard as stated in the statute, [Pearl] has presented sufficient evidence to have her claims proceed at this time."[2]

{¶ 5} It is from this order that CSX appeals, raising three assignments of error, which shall be discussed together when appropriate.

### Final, Appealable Order

{¶ 6} As an initial matter, we must address whether the trial court's order denying CSX's motion to administratively dismiss Pearl's complaint is a final, appealable order. Pearl argues that the trial court's decision does not constitute a final, appealable order because the trial court's determination that Paul was a nonsmoker is not listed as a provisional remedy in R.C. 2505.02. CSX argues that Pearl mischaracterizes the trial court's order. CSX contends that the trial court's order was based on the denial of its motion to administratively dismiss Pearl's claim, which is a provisional remedy under R.C. 2505.02(A)(3) and thus a final, appealable order under R.C. 2505.02(B)(4). For the following reasons, we agree with CSX.

{¶ 7} In *Sinnott v. Aqua–Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, the Ohio Supreme Court reviewed "whether a trial court's order finding that a prima facie showing required by R.C. 2307.92 has been made in an asbestos case is a final, appealable order." Id. at ¶ 1. In *Sinnott*, the trial court denied defendants' motion for administrative dismissal. On appeal, this court dismissed defendants' appeal for lack of a final, appealable order. See *Sinnott v. Aqua–Chem* (July 12, 2006), Cuyahoga App. No. 88062, 2008 WL 2931450.

{¶ 8} The Ohio Supreme Court held that "[a]n order finding that a plaintiff in an asbestos action has made the prima facie showing required by R.C. 2307.92 is a final, appealable order under R.C. 2505.02(B)(4)." *Sinnott*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, at syllabus.

{¶ 9} The *Sinnott* court analyzed R.C. 2307.92 under the three-part test for determining whether an order is final and appealable and concluded as follows:

An order finding that a plaintiff in an asbestos action has made the prima facie showing required by R.C. 2307.92 is a final, appealable order [because such an order] is explicitly listed as a provisional remedy in R.C. 2505.02(B)(4) and determines the action with respect to the prima facie showing and the related issue of administrative dismissal. Furthermore, if the order finds that

---

2. CSX filed a second motion for reconsideration based on this court's decision in *Farnsworth v. Allied Glove Corp.*, Cuyahoga App. No. 91731, 2009-Ohio-3890, 2009 WL 2400867. The trial court, however, did not rule on this motion because CSX then filed its notice of appeal with this court.

a prima facie showing exists, and the case proceeds to trial, an appeal from a final judgment does not provide appellants with an adequate remedy on the provisional ruling. Even assuming that they have prevailed at trial, appellants will have exhausted significant resources, thereby thwarting H.B. No. 292's goal of preserving the resources of asbestos defendants to ensure that injured parties can be fully compensated.

Id. at ¶ 30.[3]

{¶ 10} As a result, the *Sinnott* court reversed the judgment of this court and remanded the matter for a determination on the merits of the appeal. Id. at ¶ 31.

{¶ 11} In the instant case, the trial court denied CSX's motion to administratively dismiss Pearl's claim for failure to comply with R.C. 2307.92 and 2307.93, concluding that Pearl "has presented sufficient evidence to have her claims proceed at this time." Because the trial court's determination constitutes an order issued pursuant to R.C. 2307.92 and meets the definition of a provisional remedy under R.C. 2505.02(A)(3), we find that the order is final and appealable, and we, therefore, review CSX's assigned errors.

### Burden of Establishing Whether Person Is a Smoker

{¶ 12} In the first assignment of error, CSX argues that the trial court erred in finding that it bears the burden of producing a written report from "competent medical authority" to establish that Paul was a "smoker" under R.C. 2307.92. In the second assignment of error, CSX argues that the trial court erred in finding that Pearl did not have the burden of establishing that Paul was a nonsmoker. In support of its position, CSX relies on *Farnsworth*, 2009-Ohio-3890, 2009 WL 2400867.

{¶ 13} Pearl maintains her objections to *Farnsworth*, but concedes the first and second assignments of error, agreeing that CSX does not have the burden of producing a written report from "competent medical authority" establishing that Paul was a "smoker" and that she has the ultimate burden of establishing that Paul was a nonsmoker under R.C. 2307.92.

{¶ 14} In *Farnsworth*, 2009-Ohio-3890, 2009 WL 2400867, this court addressed "who has the burden in a lung-cancer asbestos action to prove that an exposed

---

3. The court noted that when determining whether an order is final and appealable under R.C. 2505.02(B)(4): "[1] the order must grant or deny a provisional remedy; if so, [2] the order must also determine the action and prevent a judgment in favor of the appealing party regarding the provisional remedy, and [3] the appealing party cannot have a meaningful or effective appellate remedy following final judgment. R.C. 2505.02(B)(4)(a) and (b). Not all provisional remedy orders are necessarily appealable; the conditions of R.C. 2505.02(B)(4)(a) and (b) must be satisfied before the order can be considered final and appealable." *Sinnott* at ¶ 16, citing *State v. Muncie* (2001), 91 Ohio St.3d 440, 450, 746 N.E.2d 1092.

person is a smoker as defined by R.C. 2307.91(DD)." Id. at ¶ 1. Robert Farnsworth and his wife, Betty, filed an asbestos-related claim in July 2007, alleging that Robert's exposure to asbestos at his place of employment caused him to develop lung cancer. In response, the defendants moved to administratively dismiss the case, arguing that because Robert was a smoker for purposes of R.C. 2307.92 and 2307.93, the Farnsworths were required to establish a prima facie case through competent medical authority, which they failed to do.

{¶ 15} In their brief in opposition, the Farnsworths argued that Robert was not a smoker as defined under R.C. 2307.91(DD) and, therefore, they did not have to establish a prima facie showing. The trial court found that Robert was a smoker and granted defendants' motion to administratively dismiss the case. The Farnsworths appealed, arguing that the trial court erred by granting defendants' motion for administrative dismissal under R.C. 2307.92 and 2307.93.

{¶ 16} The *Farnsworth* court noted that "R.C. 2307.92 outlines [the] minimum medical requirements for tort actions alleging asbestos claims. R.C. 2307.92(B), (C), and (D), respectively, prohibit plaintiffs from maintaining asbestos actions based upon: (1) nonmalignant conditions; (2) smoker lung-cancer claims; * * * and (3) wrongful death, unless the plaintiffs in each of these situations can establish a prima facie showing in the manner described in R.C. 2307.93(A)." Id. at ¶ 10.

{¶ 17} Under R.C. 2307.93(A)(1), any plaintiff who bases his or her claim on R.C. 2307.92(B), (C), or (D), must file a written report and supporting test results constituting prima facie evidence of the exposed person's physical impairment. A defendant may challenge the adequacy of the plaintiff's prima facie evidence under R.C. 2307.93(B), and "the court 'shall determine from all of the evidence submitted' whether the proffered prima facie evidence meets the minimum requirements for cases involving nonmalignant conditions, smoker lung cancer, or wrongful death, as specified in R.C. 2307.92(B), (C), or (D). If the court finds, after considering all of the evidence, that the plaintiff failed to make a prima facie showing, then '[t]he court shall administratively dismiss the plaintiff's claim without prejudice.' R.C. 2307.93(C)." *Farnsworth*, 2009-Ohio-3890, 2009 WL 2400867, at ¶ 12.

{¶ 18} On appeal, the defendants in *Farnsworth* argued that a lung-cancer claimant who contends that he or she is exempt from establishing a prima facie case must bear the burden of proving that he or she is exempt through competent medical authority. The Farnsworths argued that it should be a defendant's burden to prove, through competent medical authority, that the exposed person is a smoker. They claimed that the defendants did not " 'show by competent medical authority that [Robert] qualifies as a smoker' under R.C. 2307.91(DD)." Id. at ¶ 16.

{¶ 19} R.C. 2307.91(DD) defines a smoker "as 'a person who has smoked the equivalent of one-pack year, as specified in the written report of a competent medical authority pursuant to sections [R.C. 2307.92 and 2307.93], during the last fifteen years.'" Id. at ¶ 14. In examining R.C. 2307.91(DD), the *Farnsworth* court found that the definition is ambiguous. The court stated as follows:

> The definition refers to terms to define "smoker" that only apply to plaintiffs who are smokers. The phrase refers to a medical doctor's *written report* that a plaintiff must submit to meet the prima facie showing—*after* it has already been determined that the person is a smoker. It is nonsensical. It raises the question (or more colloquially, begs the question): what comes first, the smoker or the written report; the smoker or competent medical authority?

(Emphasis sic.) *Farnsworth*, 2009-Ohio-3890, 2009 WL 2400867, ¶ 23.

{¶ 20} This court concluded in *Farnsworth* that "the smoker must come first—since the written report, which will include the diagnosis from a competent medical authority, is not required until after it has been determined that the person is a smoker." Id. at ¶ 24. If it is determined that the exposed person is a smoker, "then the plaintiff must meet the requirements under H.B. 292 by filing the written report establishing a prima facie case through competent medical authority and the other evidence that is required. See R.C. 2307.92 and 2307.93." Id. at ¶ 25.

{¶ 21} This court further stated as follows:

> [W]hen courts are simply attempting to prioritize its [sic] asbestos docket, *neither plaintiffs nor defendants* are required to use a competent medical authority—which again is a medical doctor who provides a diagnosis for purposes of establishing prima facie evidence of an exposed persons physical impairment—to prove that an exposed person is or is not a smoker.

> Thus, when there is a dispute as to whether a person is or is not a smoker, we conclude that the parties must submit evidence (that would be admissible under the rules of evidence) to prove their contention. This evidence may very well include the exposed person's medical history, if indeed there is one. * * * [T]he trial court must review the evidence submitted by both parties to resolve the issue.

> [I]t logically follows that if a defendant submits competent, credible evidence establishing that a plaintiff is a smoker, then the burden should shift to a plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(DD). We therefore agree it is the plaintiff who has the ultimate burden to prove that the exposed person is not a smoker, since it is the plaintiff

who ultimately must establish a prima facie case, if the exposed person is indeed a smoker, to prevent the case from being dismissed.

*Farnsworth,* 2009-Ohio-3890, 2009 WL 2400867, at ¶ 30–32.

■ {¶ 22} In the instant case, the trial court, relying primarily on *Penn v. A–Best Prods. Co.,* Franklin App. No. 07AP–404–407, 2007-Ohio-7145, 2007 WL 4564402, found that CSX must carry the initial burden of demonstrating that Paul was a smoker and that the statute placed no burden on Pearl to submit a written report and supporting test results to demonstrate that Paul was a nonsmoker.[4] The court further required CSX to produce a written report from "competent medical authority" to invoke the provisions of the statute. In applying the summary-judgment standard of review, the court concluded that Pearl "has presented sufficient evidence to have her claims proceed at this time."[5]

■ {¶ 23} The trial court's decision, however, predates *Farnsworth.* Clearly, as this court stated in *Farnsworth,* when there is a dispute as to whether a person is a smoker, the parties must *first* submit evidence, and then the trial court must review the evidence submitted by both parties to *resolve* the issue. If the defendant submits competent, credible evidence establishing that the plaintiff is a smoker, then the burden shifts to the plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(DD) because "the plaintiff * * * has the ultimate burden to prove that the exposed person is not a smoker." *Farnsworth,* 2009-Ohio-3890, 2009 WL 2400867, at ¶ 32.

■ {¶ 24} If the trial court determines that the exposed person is a smoker, "then the plaintiff must meet the requirements under H.B. 292 by filing the written report establishing a prima facie case through competent medical authority and the other evidence that is required." Id. at ¶ 25. If the exposed person is not a smoker, then "the plaintiff does not have to establish a prima facie case

---

4. {¶ a} In *Penn,* the defendants claimed that the plaintiffs had to file a written report by competent medical authority explaining the exposed person's smoking history. The Tenth District Court of Appeals disagreed, stating that "[t]here is no requirement in R.C. 2307.91(DD) that a nonsmoker must submit evidence via a competent medical authority indicating such." Id. at ¶ 26. The court further concluded that neither R.C. 2307.93(A)(1) nor 2307.92(C) places a burden upon a nonsmoker to submit evidence via a competent medical authority to prove his smoking status. Id. at ¶ 27–28.

{¶ b} The *Penn* court, however, never addressed the question of how a court should determine whether a claimant is a smoker. In *Penn,* there was no question that the exposed person was a nonsmoker because he had quit smoking more than 15 years prior to his lung-cancer diagnosis.

5. R.C. 2307.93(C) "simply directs trial courts to apply the evidentiary standard of summary judgment when making a determination whether the [proffered prima facie evidence meets the] minimum medical standard [requirements]." *Sinnott,* 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, at ¶ 28.

(and thus, will not need to file a written report or obtain a diagnosis from competent medical authority)." Id. at ¶ 24.

{¶ 25} Here, the trial court did not resolve the issue by determining whether Paul was a smoker, but merely concluded that Pearl "presented sufficient evidence to have her claims proceed at this time" and required CSX to produce a report from competent medical authority to invoke H.B. 292. Thus, we find that the trial court erred, and the matter must be remanded so that the trial court can make the proper determination as outlined in *Farnsworth*.

{¶ 26} Accordingly, the first and second assignments of error are sustained.

{¶ 27} In the third assignment of error, CSX argues that the trial court erred in finding that Pearl's testimony and affidavit were sufficient to avoid administrative dismissal. While CSX is correct that the summary-judgment standard of review used by the trial court has no application in determining whether Paul was a smoker, it is premature at this point for us to review the sufficiency of the parties' evidence because the trial court must first determine whether Paul was a smoker. See *Farnsworth*, 2009-Ohio-3890, at ¶ 24–25, 30–32.

{¶ 28} Therefore, we decline to address the third assignment of error.

{¶ 29} Accordingly, the judgment is reversed, and the matter is remanded to the trial court for further proceedings consistent with *Farnsworth*.

Judgment reversed
and cause remanded.

CHRISTINE T. MCMONAGLE, P.J., and STEWART, J., concur.