[Cite as *Fields v. CSX Transp., Inc.*, 2013-Ohio-822.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98612**

# PEARL FIELDS, AS REPRESENTATIVE OF THE ESTATE OF PAUL H. FIELDS

PLAINTIFF-APPELLEE

vs.

# CSX TRANSPORTATION, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-663226

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**ATTORNEYS FOR APPELLANT**

Patrick C. Booth
David A. Damico
Ira L. Podheiser
Burns White L.L.C.
Four Northshore Center
106 Isabella Street
Pittsburgh, PA   15212

Brian D. Netter
Mayer Brown L.L.P.
1999 K Street NW
Washington, D.C.   20009


**ATTORNEYS FOR APPELLEE**

Michael L. Torcello
Christopher Murphy
Doran & Murphy P.L.L.C.
1234 Delaware Avenue
Buffalo, NY    14209

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant-appellant, CSX Transportation, Inc. ("CSX"), appeals the June 8, 2012 decision of the Cuyahoga County Court of Common Pleas that denied its motion for administrative dismissal of the claims of plaintiff-appellee, Pearl Fields, as representative of the estate of Paul H. Fields. For the reasons stated herein, we affirm the decision of the trial court.

{¶2} Pearl brought this action under the Federal Employers' Liability Act and the Locomotive Inspection Act, following the death of her husband, Paul, who allegedly was exposed to various substances, including asbestos and asbestos dust, during the course of his employment as a trainman and conductor for CSX. Paul worked for CSX from 1950 until 1989. He was diagnosed with lung cancer in July 2007 and subsequently died in November 2007.

{¶3} Under the complaint, the first cause of action alleges that as a result of CSX's negligence, Paul developed severe and permanent injuries, including lung cancer. The second cause of action alleges aggravation of a pre-existing condition, to the extent any is shown. The third cause of action asserts a wrongful-death claim.

{¶4} Thus far, the dispute has centered on whether CSX is entitled to have the complaint administratively dismissed pursuant to R.C. 2307.92 and 2307.93. CSX maintains that plaintiff failed to comply with the prima facie filing requirements for

maintaining an asbestos claim. Pearl claims that she is not required to establish a prima facie case because CSX failed to establish that Paul qualified as a "smoker."

{¶5} R.C. 2307.93(A)(1) provides that "[t]he plaintiff in any tort action who alleges an asbestos claim shall file * * * prima-facie evidence of the exposed person's physical impairment that meets the minimum requirements specified in [R.C. 2307.92(B), (C), or (D)]." The prima facie filing requirements are limited to asbestos-related nonmalignancy claims, lung cancer claims in a smoker, and wrongful-death claims. R.C. 2307.92(B), (C), and (D); *Penn v. A-Best Prods. Co.*, 10th Dist. Nos. 07AP-404, 07AP-405, 07AP-406, and 07AP-407, 2007-Ohio-7145, ¶ 31-32. If the plaintiff fails to make the requisite prima facie showing, the court is required to administratively dismiss the claim without prejudice, although it retains jurisdiction to reinstate the action upon motion if the plaintiff is later able to make the prima facie showing. R.C. 2307.93(C).

{¶6} R.C. 2307.92 does not require a prima facie showing for a lung-cancer claim of a nonsmoker. *Penn* at ¶ 32-34. R.C. 2307.91(DD) defines the term "smoker" as follows: "a person who has smoked the equivalent of one-pack year, as specified in the written report of a competent medical authority pursuant to [R.C. 2307.92 and 2307.93], during the last fifteen years."

{¶7} The trial court's rulings with regard to an administrative dismissal, as well as Paul's smoking status, have resulted in several appeals to this court. In *Fields v. CSX Transp., Inc.*, 189 Ohio App.3d 268, 2010-Ohio-3877, 938 N.E.2d 68 (8th Dist.) ("*Fields I*"), we remanded the case to the trial court for a proper determination of whether Paul

was a smoker as outlined in *Farnsworth v. Allied Glove Corp.*, 8th Dist. No. 91731, 2009-Ohio-3890. In *Farnsworth*, we found ambiguity in the language referring to a "written report of a competent medical authority" contained in the definition of "smoker" under R.C. 2307.91(DD). *Farnsworth* at ¶ 23. This court determined that when there is a dispute as to whether a person is or is not a smoker, "the trial court must review evidence submitted by both parties to resolve the issue." *Id.* at ¶ 31. "[I]f a defendant submits competent, credible evidence establishing that a plaintiff is a smoker, then the burden should shift to a plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(DD)." *Id*. at ¶ 32. Because it is the plaintiff that must establish a prima facie case if the exposed person is a smoker, the plaintiff has the ultimate burden to prove the exposed person is not a smoker to prevent the case from being dismissed. *Id*.

{¶8} Upon the first remand, the trial court made a determination on Paul's smoking status without considering his medical records. Because the trial court failed to properly consider the evidence that had been submitted by both parties, we again remanded the matter in *Fields v. CSX Transp., Inc.*, 197 Ohio App.3d 561, 2011-Ohio-6761, 968 N.E.2d 70 (8th Dist.) ("*Fields* II").

{¶9} Upon the second remand, the trial court reviewed the evidence that had been submitted by both parties and found in pertinent part as follows:

> The statute is very specific in its definition of a smoker [footnote omitted], it does not encompass the occasional use of tobacco. There is no evidence of Mr. Fields' rate of consumption, if any, between 1989 and 1996.

Therefore, the most probable inference to be drawn from all the evidence is that Mr. Fields was not a smoker as defined by HB 292 from 1989 to 1997. This Court, having considered all the evidence submitted by both Defendant and Plaintiff, hereby overrules Defendant's Motion for Administrative Dismissal."

{¶10} It is from this ruling that CSX timely appeals. CSX's sole assignment of error is as follows:

The trial court erred in finding that Paul Fields (decedent) was not a "smoker" pursuant to the Ohio asbestos statute.

{¶11} In this appeal, CSX argues that the trial court's ruling was based on unfounded speculation and that the trial court did not properly weigh the evidence. Upon our review, we must determine whether the trial court's decision was against the manifest weight of the evidence.

{¶12} While CSX suggests that the trial court only considered portions of the medical records while ignoring other information, we are not persuaded by its argument. Consistent with our mandate in *Fields* II, the trial court "considered all the evidence submitted by both [parties]" on the issue. While the trial court may not have detailed every document in its opinion, it is apparent that the court considered all competent, credible evidence that was provided, including the medical records.

{¶13} During its review, the trial court attempted to reconcile an apparent contradiction with Paul's history of smoking. The court recognized a statement in a

2007 hospital record from Dr. Ryan D. Steinmetz that Paul had quit smoking 11 years ago. The court noted that this contradicted the sworn statements of Pearl Fields, who stated that Paul began to try to quit smoking in 1989 and quit in 1991, and of a coworker, George Leslie, who stated that Paul was "trying to quit" and did quit prior to Paul's retirement in 1989. The trial court then recognized that the asbestos questionnaire contained a handwritten indication that Paul began smoking in 1946, which when considered with evidence of a 40-year history of a pack per day, would comport with the statement that Paul quit by 1989. The court found that a reasonable inference could be made that Paul may have had an occasional cigarette from 1989 until 1996, noting that "[i]t is highly unlikely that a pack-per-day smoker could hide that habit from a man he spent a full day with at work or the woman he was living with, the smell of twenty cigarettes per day would emanate from his clothing, his skin and his breath."

{¶14} CSX argues that the asbestos questionnaire indicated a stop date of 1996 and that Dr. Steinmetz did not limit the number of years smoked to a maximum of 40. CSX points to the opinion of plaintiff's expert, Dr. Rao, who stated that "[a] review of the medical records indicate [Paul] was a smoker from the age of 21 until 69 for more than 40 pack year[s]." Also, CSX relies on Paul's medical records, which consistently report Paul's history of having been a smoker for over 40 pack years, having quit in 1996. However, even accepting that Paul may have smoked until 1996 and that he had a history of more than 40 pack years, this evidence does not conclusively establish his rate of smoking from 1992 through 1996, which is the pertinent time frame in this matter.

{¶15} Pursuant to R.C. 2307.91(DD), a "smoker" is a person who has smoked the equivalent of one-pack year during the last 15 years. A "pack year" is a term used to "measure the amount a person has smoked over a long period of time." *NCI Dictionary of Cancer Terms*, http://www.cancer.gov/dictionary (accessed Jan. 22, 2013). A pack year "is calculated by multiplying the number of packs of cigarettes smoked per day by the number of years the person has smoked. For example, 1 pack year is equal to smoking 1 pack per day for 1 year, or 2 packs per day for half a year, and so on." *Id*. "There is no provision explaining how one must prove he is a nonsmoker. It is true that, by implication, a party must have smoked less than one pack per year during the last 15 years to be deemed a nonsmoker." *Penn,* 2007-Ohio-7145, at ¶ 26.

{¶16} Fifteen years prior to Paul's diagnosis with lung cancer was July 1992, and there is no contention that he smoked after 1996. Thus, Paul only would have smoked for three and one-half to four and one-half years within the relevant 15-year period. Applying the above calculation, to meet the statutory definition of a "smoker," Paul needed to have smoked an average of at least five cigarettes per day during that time.

{¶17} While CSX points to several medical records indicating that Paul quit smoking in 1996, and which note a pack year of use and smoking a pack and a half per day, these medical records were properly weighed against evidence presented by Pearl to show that Paul was a nonsmoker during the pertinent time frame. Pearl testified that she never smoked and could not stand smoke in the house. She stated Paul began to quit smoking in 1989, when they were married, and he quit altogether in 1991. Paul's

coworker recalled that Paul had started cutting back on smoking and was not doing any smoking by the time he retired, which was in 1989. Our review reflects that there was evidence upon which the trial court could infer that Fields was trying to quit and only may have had an occasional cigarette during this time. The trial court was free to assess the credibility of the witnesses when viewed against the evidence submitted by CSX. Further, unlike the circumstances in *Farnsworth*, wherein Farnsworth's own deposition testimony established that he smoked more than one pack year in the 15 years prior to his diagnosis, there was no such concession in this case.

{¶18} When conducting a manifest weight review, every reasonable presumption must be made in favor of the trial court's finding, and when the evidence is susceptible of more than one construction, we are bound to apply an interpretation that is consistent with the trial court's decision. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3. Upon thoroughly reviewing the record, we find that the trial court's finding that Paul does not meet the statutory definition of a "smoker" is not against the manifest weight of the evidence and that no manifest miscarriage of justice occurred. Accordingly, the assignment of error is overruled.[1]

{¶19} Judgment affirmed.

---

[1] We note that the focus of this appeal was on the trial court's determination concerning Paul's smoking status. The parties did not develop any argument concerning the wrongful-death claim, and it was not specifically addressed by the trial court. Therefore, this claim remains pending upon remand.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR