[Cite as *Turner v. Certainteed Corp.*, 2016-Ohio-7776.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103475**

# BOBBY TURNER, ET AL.

PLAINTIFFS-APPELLEES

vs.

# CERTAINTEED CORPORATION, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-820027

**BEFORE:** Keough, J., Jones, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEYS FOR APPELLANTS**

Richard D. Schuster
Perry W. Doran, II
Stephen C. Musilli
Daniel E. Shuey
Vorys, Sater, Seymour & Pease, L.L.P.
P.O. Box 1008
52 East Gay Street
Columbus, Ohio 43216


**ATTORNEYS FOR APPELLEES**

Christopher J. Hickey
Kevin E. McDermott
McDermott & Hickey, L.L.C.
20525 Center Ridge Road, Suite 200
Rocky River, Ohio 44116

Keith W. Binder
Jerome H. Block
Donald Blydenburgh
Levy Konigsberg, L.L.P.
800 Third Avenue, 11th Floor
New York, New York 10022

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Union Carbide Corporation, appeals the trial court's decision denying its renewed motion for administrative dismissal pursuant to R.C. 2307.92 and 2307.93. For the reasons that follow, we affirm.

{¶2} In April 2013, plaintiff-appellee, Bobby Turner, was diagnosed with lung cancer. In January 2014, Turner and his wife filed a lawsuit against Union Carbide and other named defendants,[1] alleging that his lung cancer was caused by his occupational exposure to asbestos as a drywall finisher from approximately 1962 until 1978. In February 2014, Union Carbide moved to administratively dismiss Turner's complaint pursuant to R.C. 2307.93, contending that Turner failed to submit prima facie evidence pursuant to R.C. 2307.92 within the prescribed time.

{¶3} In response, Turner filed an affidavit stating that during the year of 1956 he smoked one cigar a month, but quit thereafter. He stated that he is "a nonsmoker and [has] been since approximately 1957." Additionally, Turner attached some of his medical records supporting his contention that he was a nonsmoker. Included was a record from his treating pulmonologist, Dr. Jay Kumar, dated April 17, 2013, that provides: "Any Info: COPD/50 cigar years"; a record dated April 25, 2013 from Regional Medical Center at Bayonet Point, that provides: "He never smoked and does

---

[1] Defendants, Certainteed Corporation, Clark Industrial Insulation Co., Georgia Pacific Corporation, Kaiser Gypsum Company, Inc., Red Seal Electric Company, R.T. Vanderbilt Company, Inc., Technical Products, Inc., and Akron Sales Company are not parties to the appeal.

not drink"; record dated May 10, 2013 that provides: "Smoking hx from nursing assess Current SOME day smoker; Social history: Denies alcohol, drugs, smoker"; a record dated April 29, 2013, from Bayonet Point that provides: "never smoker" "Adult cigarette smoking history w/in last year — No," "Currently Uses Tobacco Products — N," Smoking Cessation Information Given — Y"; a record dated April 30, 2013 from Bayonet Point that provides: "never smoker," and provides "no" answers for "adult cigarette smoking history w/in last year" and "currently uses tobacco products"; a record from Bayonet Point dated May 10, 2013 that provides: "Denies any history of smoking or alcohol use"; a record dated May 10, 2013 from Bayonet Point Center that provides under "Social History," "former smoker," "adult cigarette smoking history w/in last year - No," "Smoking Cessation Information Given: Y."

{¶4} Based on Turner's affidavit response and corresponding medical records, Union Carbide withdrew its motion to administratively dismiss Turner's complaint. The case proceeded forward for the next 16 months.

{¶5} However, approximately two weeks prior to trial in August 2015, Union Carbide filed a renewed motion for administrative dismissal challenging the adequacy of Turner's prima facie evidence of physical impairment. Specifically, it claimed that based on recently obtained medical records and deposition testimony, Turner is a smoker as defined in R.C. 2307.91(DD), and therefore failed to meet the minimum medical requirements for a tort action alleging asbestos exposure as prescribed in R.C. 2307.92(C). In support, Union Carbide identified fourteen instances in Turner's medical

records that indicated that Turner smoked cigars for 40 years. Union Carbide attached to its motion Turner's medical records purporting to evidence the same, including some of the records Turner attached to his affidavit in response to Union Carbide's initial motion to dismiss in February 2014. Also attached to its motion was deposition testimony from Turner's general physician, Dr. Joel Nunag, that purportedly also established that Turner was a smoker. Additionally, Union Carbide attached a medical expert affidavit and supporting documents linking the effect of cigar smoking to lung cancer.

{¶6} Turner opposed Union Carbide's motion contending that the totality of Turner's medical records and testimony of his treating pulmonologist confirm that Turner is not a smoker. Turner also stated that even if Union Carbide's assertion was true that he smoked an occasional cigar until 2012, he still does not qualify as a "smoker" under R.C. 2307.91 because the definition does not include cigar smoking or the occasional use of tobacco.

{¶7} Following a hearing on the matter, the trial court denied Union Carbide's motion. In its written opinion, the trial court found that the parties submitted conflicting evidence, which included inconsistent references that Turner was an occasional smoker. However, the court concluded that the overwhelming majority of notations in Turner's medical records support his claim of no recent smoking history. Accordingly, the court held that Union Carbide "failed to prove that Mr. Turner is a smoker, as defined in R.C. 2307.91(DD)."

**{¶8}** Union Carbide appeals, raising as its sole assignment of error that the trial court erred when it denied its renewed motion for administrative dismissal under R.C. 2307.92 and 2307.93.   The following issue is raised Union Carbide:

> In an asbestos tort action alleging lung cancer, when there is evidence that a plaintiff has smoked in the past fifteen years, does the plaintiff have the burden of proving, through a "written report of a competent medical authority," that he is not a smoker as defined by R.C. 2307.91(DD).[2]

Union Carbide does not challenge the trial court's ultimate decision that Turner is not a smoker; rather, only maintains that the trial court applied the wrong standard and should not have weighed the evidence to make that determination.   This purely legal issue renders this court's review de novo.   *See Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 8th Dist. Cuyahoga No. 92366, 2009-Ohio-2490, ¶ 38 (where a court has misstated the law or applied an incorrect legal standard, giving rise to a purely legal issue on appeal, the reviewing court applies a de novo review).

**{¶9}** Essentially, this case centers around the question of when there is conflicting evidence of plaintiff's smoking status, does the plaintiff need to present a written report of competent medical authority to withstand his burden of proving he is a nonsmoker. This court provided the answer to this question in *Farnsworth v. Allied Glove Corp.*, 8th Dist. Cuyahoga No. 91731, 2009-Ohio-3890.

---

[2]Union Carbide acknowledges, and we agree, that the trial court erroneously concluded that Union Carbide was required to prove Turner is a smoker.   The law is clear that the plaintiff bears this burden.   However, Union Carbide does not raise this issue as reversible error.

**{¶10}** In *Farnsworth*, this court held that when there is a dispute as to whether an exposed person is a smoker, the parties must first submit evidence regarding his smoker status and then the trial court must review the evidence submitted by both parties to resolve the issue. *Id.* at ¶ 31. If the defendant submits competent, credible evidence establishing that the exposed person is a smoker, then the burden shifts to the plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(DD) because "the plaintiff * * * has the ultimate burden to prove that the exposed person is not a smoker[.]" *Id.* at ¶ 32.

**{¶11}** However, Union Carbide asks this court to modify *Farnsworth* because of the Ohio Supreme Court's subsequent decision in *Renfrow v. Norfolk S. Ry. Co.,* 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173. Union Carbide contends that although *Farnsworth* properly placed the burden on the plaintiff to prove the smoking status, it improperly ignored and deleted the statutory requirement that a plaintiff meet that burden through a "written report of a competent medical authority" as provided in R.C. 2307.91(DD). It argues that *Renfrow* mandates that *Farnsworth* be modified to include that the plaintiff must establish that the exposed person is not a smoker with "a written report of a competent medical authority." We disagree because this court considered and rejected this argument in *Farnsworth*. Additionally, our reading of the Ohio Supreme Court's decision in *Renfrow* does not require this court to revisit this issue.

**{¶12}** In *Farnsworth*, this court considered and addressed Union Carbide's current argument, by concluding that the determination of whether a person is a smoker is a

threshold question that must be determined prior to requiring a plaintiff to submit a written report of a competent medical authority as prima facie evidence of the exposed person's physical impairment that meets the minimum medical requirements under R.C. Chapter 2307.

{¶13} Robert Farnsworth and his wife filed an asbestos-related claim alleging that Robert's exposure to asbestos during his employment caused him to develop lung cancer. In response, the defendants moved to administratively dismiss the case, arguing that because Robert was a smoker for purposes of R.C. 2307.92 and 2307.93, the Farnsworths were required to establish a prima facie case through competent medical authority, which they failed to do. In their brief in opposition, the Farnsworths argued that Robert was not a smoker as defined under R.C. 2307.91(DD) and, therefore, they did not have to establish a prima facie showing. The trial court found that Robert was a smoker and granted the defendants' motion to administratively dismiss the case. The Farnsworths appealed.

{¶14} The *Farnsworth* court noted,

> R.C. 2307.92 outlines the minimum medical requirements for tort actions alleging asbestos claims. R.C. 2307.92(B), (C), and (D), respectively, prohibit plaintiffs from maintaining asbestos actions based upon: (1) nonmalignant conditions; (2) smoker lung-cancer claims; * * * and (3) wrongful death, unless the plaintiffs in each of these situations can establish a prima facie showing in the manner described in R.C. 2307.93(A).

*Farnsworth*, 8th Dist. Cuyahoga No. 91731, 2009-Ohio-3890, at ¶ 10.

{¶15} Under R.C. 2307.93(A)(1), any plaintiff who bases his claim on R.C. 2307.92(B), (C), or (D), must file a written report and supporting test results constituting

prima facie evidence of the exposed person's physical impairment. A defendant may challenge the adequacy of the plaintiff's prima facie evidence under R.C. 2307.93(B). However,

> the court "shall determine from all of the evidence submitted" whether the proffered prima facie evidence meets the minimum requirements for cases involving nonmalignant conditions, smoker lung cancer, or wrongful death, as specified in R.C. 2307.92(B), (C), or (D). If the court finds, after considering all of the evidence, that the plaintiff failed to make a prima facie showing, then "[t]he court shall administratively dismiss the plaintiff's claim without prejudice." R.C. 2307.93(C).

*Id*. at ¶ 12.

{¶16} On appeal, the *Farnsworth* defendants argued that a lung cancer claimant who contends that he is exempt from establishing a prima facie case must bear the burden of proving he is exempt through competent medical authority. The Farnsworths argued that the defendants had the burden to prove through competent medical authority that the exposed person is a smoker.

{¶17} Pursuant to R.C. 2307.91(DD), "smoker" means "a person who has smoked the equivalent of one-pack year, as specified in the written report of a competent medical authority pursuant to sections 2307.92 and 2307.93 of the Revised Code, during the last fifteen years." Although R.C. 2307.91 does not define a "nonsmoker," the Tenth District noted that "by implication, a party must have smoked less than one pack per year during the last 15 years to be deemed a nonsmoker." *Penn v. A-Best Prods. Co.*, 10th Dist. Franklin Nos. 07AP-404, 07AP-405, 07AP-406, and 07AP-407, 2007-Ohio-7145, ¶ 26. A "pack year" is a term used to "measure the amount a person has smoked over a long

period of time." *Fields v. CSX Transp., Inc.*, 8th Dist. Cuyahoga No. 98612, 2013-Ohio-822, ¶ 15, quoting NCI Dictionary of Cancer Terms, http://cancer.gov/dictionary (accessed Jan. 22, 2013). "A pack year is calculated by multiplying the number of packs of cigarettes smoked per day by the number of years the person has smoked." *Id.*

{¶18} In examining R.C. 2307.91(DD), the *Farnsworth* court found that the definition of "smoker" is ambiguous. The court stated that:

> The definition refers to terms to define "smoker" that only apply to plaintiffs who are smokers. The phrase refers to a medical doctor's *written report* that a plaintiff must submit to meet the prima facie showing — *after* it has already been determined that the person is a smoker. It is nonsensical. It raises the question (or more colloquially, begs the question): what comes first, the smoker or the written report; the smoker or competent medical authority?

(Emphasis sic.) *Id.* at ¶ 23.

{¶19} The court concluded that "the smoker must come first — since the written report, which will include the diagnosis from a competent medical authority, is not required until after it has been determined that the person is a smoker." *Id.* at ¶ 24. If it is determined that the exposed person is a smoker, "then the plaintiff must meet the requirements under H.B. 292 by filing the written report establishing a prima facie case through competent medical authority and the other evidence that is required. See R.C. 2307.92 and 2307.93." *Id.* at ¶ 25.

{¶20} Accordingly, the court stated

> [t]hat at this preliminary stage of the litigation, when courts are simply attempting to prioritize its asbestos docket, neither plaintiffs nor defendants

are required to use a competent medical authority — which again is a medical doctor who provides a diagnosis for purposes of establishing prima facie evidence of an exposed person's physical impairment — to prove that an exposed person is or is not a smoker.

*Id.* at ¶ 30. Therefore, a party does not need to use a competent medical authority to prove whether a person is a smoker; this is an underlying determination that must be made to determine which subsection of R.C. 2307.92 applies — what is the prima facie showing, i.e. what are the minimum medical requirements for the tort action alleging an asbestos claim.

> Thus, when there is a dispute as to whether a person is or is not a smoker, the parties must submit admissible evidence to prove their contention, which may very well include the exposed person's medical history. Whether a person is a smoker may be very clear. It may be equally as clear that a person is not a smoker. But when there is a question as to whether the person is or is not a smoker * * * the trial court must review the evidence submitted by both parties to resolve the issue.

> Based on the requirements of these provisions, it logically follows that if a defendant submits competent, credible evidence establishing that a plaintiff is a smoker, then the burden should shift to a plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(DD). The plaintiff has the ultimate burden to prove that the exposed person is not a smoker, since it is the plaintiff who ultimately must establish a prima facie case, if the exposed person is indeed a smoker, to prevent the case from being dismissed.

*Farnsworth*, 8th Dist. Cuyahoga No. 91731, 2009-Ohio-3890, ¶ 31-32.

{¶21} Whether someone is a smoker is a factual determination, not a medical determination. Under the law, competent medical authority is necessary to make a medical determination that an exposed person's diagnosis of lung cancer was a result of asbestos exposure, and not from smoking. The General Assembly's intent of requiring

competent medical authority was for this purpose and not for a determination whether a person was a smoker. As the statute reads, a "competent medical authority" is "a medical doctor who is providing a diagnosis for purposes of constituting prima-facie evidence of an exposed person's physical impairment that meets the requirements specified in section 2307.92 * * *." R.C. 2307.91(Z). A "competent medical authority" is not defined as a medical doctor to prove a plaintiff's smoker status.

{¶22} To hold the opposite would mean that all plaintiffs, whether a smoker or nonsmoker, would potentially be required to submit a written report from a competent medical authority in order to maintain any action alleging an asbestos claim based on lung cancer of an exposed person. This requirement is contrary to the statute that requires only certain asbestos litigants provide a written report of a competent medical authority. *See* R.C. 2307.92 and 2307.93(A).

{¶23} Accordingly, plaintiffs are not required to submit "the written report of a competent medical authority" until it has been determined that they are smokers. *Farnsworth* at ¶ 40. This conclusion is consistent with the Tenth District's observation that R.C. 2307.92 and 2307.93 fails to impose any requirement upon a nonsmoker alleging an asbestos claim based on lung cancer to submit evidence via a competent medical authority to indicate his smoking status. *Penn*, 10th Dist. Franklin Nos. 07AP-404, 07AP-405, 07AP-406, and 07AP-407, 2007-Ohio-7145, at ¶ 27. Accordingly, Union Carbide's argument on appeal in this case fails much like the arguments raised by both the plaintiffs and defendants in *Farnsworth* — neither plaintiffs

nor defendants are required to use competent medical authority to prove a person's smoking status. *Farnsworth* at ¶ 30.

**{¶24}** Moreover, the Ohio Supreme Court's decision in *Renfrow* does not require this court to revisit this issue. Union Carbide contends that the Ohio Supreme Court made it clear that when the General Assembly requires a plaintiff to provide a report from a "competent medical authority," courts may not deviate from that requirement.

**{¶25}** In *Renfrow*, the court was presented with an asbestos litigant who was attempting to establish a prima facie showing as required under R.C. 2307.92 and 2307.93 to prevent administrative dismissal. The court was asked to review whether plaintiffs who do not have traditional doctor-patient relationships as described in R.C. 2307.91, like Veteran's Affairs patients, must still satisfy the minimal medical requirements in establishing a prima facie case, and, if so, does Ohio law governing asbestos litigation deprive such litigants their substantive rights granted by the Ohio Constitution because VA physicians are prohibited from providing an expert report or opinion.

**{¶26}** In response to the first issue, the Ohio Supreme Court held that a smoker-plaintiff who brings an action alleging an asbestos claim based upon lung cancer must provide a diagnosis by a competent medical authority that the exposed person has primary lung cancer and that the exposure to asbestos is a substantial contributing factor. This requirement applies equally to VA patients.

{¶27} The Ohio Supreme Court concluded that the physician who issued the report in support of Gerald Renfrow's case did not satisfy the definition of "competent medical authority" because he did not treat Renfrow or have a doctor-patient relationship with him as required by R.C. 2307.91(Z). Additionally, the report did not establish that Gerald Renfrow's exposure to asbestos was the predominate cause of his lung cancer.

{¶28} However, the court did not decide if a strict application of "competent medical authority" would be upheld if an asbestos litigant was prohibited from satisfying the definition of competent medical authority. The *Renfrow* plaintiff contended that the "competent medical authority" requirements found under R.C. 2307.91(Z)(2) deprives a VA asbestos litigant of substantive rights because it requires the litigant to produce an expert report from the VA physician who are prohibited from giving that expert opinion under federal law. The Ohio Supreme Court, recognizing this obstacle, noted that while federal law prohibits a VA physician from giving an expert report, the law does not prohibit a litigant from issuing a subpoena to a VA official for that expert report. The *Renfrow* plaintiff did not issue the subpoena. Therefore, because the plaintiff did not attempt to subpoena the VA treating physician, the Ohio Supreme Court held that plaintiff still had an available remedy; thus, no substantive rights were violated.

{¶29} Therefore, whether R.C. 2307.92 and 2307.93 deprived the plaintiff of a substantive right under the constitution was not addressed because the case was resolved on a procedural deficiency, not on substantive grounds. Therefore, despite the nontraditional patient who utilize VA physicians, the statutory requirements must still be

met, until it is shown that the asbestos plaintiff has exhausted all attempts to comply and is prevented under federal law.

**{¶30}** Accordingly, as Justice Pfeifer noted in his concurring opinion, "one does wonder whether the outcome would have been different had counsel subpoenaed the [VA doctors] who treated Renfrow. At a minimum, that action would have prevented this court from concluding that Cleo Renfrow had abandoned her efforts to comply with R.C. 2307.92." *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, at ¶ 34 (Pfeifer, J., concurring). Thus, the ultimate underlying issue was not resolved — whether a strict application of law deprives nontraditional patients access to the courts for asbestos litigation.

**{¶31}** Contrary to Union Carbide's assertion in this appeal, no new guidance was established by the Ohio Supreme Court in *Renfrow* regarding how courts should interpret the laws governing asbestos litigation. The Ohio Supreme Court merely reiterated that, until it can be proven that an asbestos litigant is prohibited from satisfying the requirements under Ohio law, to establish a prima facie tort action alleging an asbestos claim based on lung cancer requires a person who is a smoker to include a diagnosis by a competent medical authority as defined under R.C. 2307.91(Z) that the exposure to asbestos is a substantial contributing factor. *Renfrow* at paragraphs one and two of the syllabus. That issue is not in dispute in the case before this court. The issue here is whether competent medical authority is needed to prove a *threshold* question before

getting to the prima facie evidence stage. That issue was addressed and resolved in *Farnsworth* as previously discussed.

**{¶32}** Accordingly and following this court's holding in *Farnsworth*, the determination of whether the plaintiff is a smoker is a threshold question that the trial court considers based on the evidence presented and determines prior to a plaintiff submitting prima facie evidence pursuant to R.C. 2307.92 and 2307.93.

**{¶33}** Although not specifically challenged by Union Carbide, reviewing the evidence presented to the trial court, the court's decision finding that Turner does not meet the statutory definition of a "smoker" is not against the manifest weight of the evidence. When conducting a manifest weight review, every reasonable presumption must be made in favor of the trial court's finding, and when the evidence is susceptible of more than one construction, reviewing courts are bound to apply an interpretation that is consistent with the trial court's decision. *CSX II* at ¶ 18, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21. "An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings." *Farnsworth* at ¶ 42, quoting *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355, 617 N.E.2d 1136 (1993), citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).

**{¶34}** The record demonstrates that trial court considered all the evidence submitted by both parties on the issue. During its review, the trial court attempted to reconcile an apparent contradiction with Turner's history of smoking. Additionally, our

review revealed that even within the same medical documents, contradictions appeared concerning Turner's smoking history. The court noted that an "overwhelming majority of notations in Mr. Turner's medical records support his claim of no recent smoking history." The trial court concluded that based on Turner's medical records, deposition testimony by Turner and Drs. Kumar and Nunag, and affidavits of friends and relatives, it was more likely that mistakes were made in the notations in Turner's medical records indicating that he was a smoker; or that he was, at best, an occasional cigar smoker.

{¶35} Accordingly, the record establishes that the trial court had competent, credible evidence before it to support its decision finding Turner to be a nonsmoker. The trial court's decision was not against the manifest weight of the evidence. Union Carbide's assignment of error is overruled.

{¶36} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., A.J., and

EILEEN T. GALLAGHER, J., CONCUR