[Cite as *Fields v. CSX Transp., Inc.*, 197 Ohio App.3d 561, 2011-Ohio-6761.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96831**

## FIELDS,

APPELLEE,

v.

## CSX TRANSPORTATION, INC.,

APPELLANT.

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-663226

**BEFORE:**  S. Gallagher, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**  December 29, 2011

**ATTORNEYS:**

Doran & Murphy, P.L.L.C., Michael L. Torcello, Christopher Murphy, and Colleen M. Blinkoff, for appellee.

Burns White, L.L.C., Patrick C. Booth, David A. Damico, and Ira L. Podheiser, for appellant.

SEAN C. GALLAGHER, Judge.

**{¶ 1}** Defendant-appellant, CSX Transportation, Inc., appeals the decision of the Cuyahoga County Court of Common Pleas that found that the decedent was not a smoker pursuant to R.C. 2307.91(DD). For the reasons stated herein, we reverse the decision and remand the matter to the trial court for further consideration.

**{¶ 2}** In June 2008, plaintiff-appellee, Pearl Fields, as representative of the estate of Paul H. Fields, filed an action against CSX under the Federal Employers' Liability Act, 45 U.S.C. 51 et seq., and the Locomotive Inspection Act, 49 U.S.C. 20701 et seq. Pearl alleged that CSX negligently allowed her husband, Paul, to be exposed to various substances, including asbestos and asbestos dust, during the course of his employment as a trainman and conductor for CSX. She further alleged that these exposures caused severe and permanent injuries, including lung cancer, aggravated the development of Paul's respiratory problems, and resulted in his subsequent death.

**{¶ 3}** In January 2009, CSX filed a motion to administratively dismiss the complaint for failure to comply with the prima facie filing requirements of R.C. 2307.92 and 2307.93. The trial court denied this motion and also denied the first motion for reconsideration thereof. CSX appealed to this court in *Fields v. CSX Transp., Inc.*, 189 Ohio App.3d 268, 2010-Ohio-3877, 938 N.E.2d 68 ("*Fields I*"). This court reversed the trial court's decision and remanded the matter for application of *Farnsworth v. Allied Glove Corp.*, Cuyahoga App. No. 91731, 2009-Ohio-3890.

**{¶ 4}** More specifically, in *Fields I*, we found as follows:

> The trial court's decision * * * predates *Farnsworth*. Clearly, as this court stated in *Farnsworth*, when there is a dispute as to whether a person is a smoker, the parties must *first* submit evidence, and then the trial court must review the evidence submitted by both parties to *resolve* the issue. If the defendant submits competent, credible evidence establishing that a plaintiff is a smoker, then the burden shifts to the plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(DD) because "the plaintiff * * * has the ultimate burden to prove that the exposed person is not a smoker." *Farnsworth*, 2009-Ohio-3890, 2009 WL 2400867, at ¶ 32.

> If the trial court determines that the exposed person is a smoker, "then the plaintiff must meet the requirements under H.B. 292 by filing the written report establishing a prima facie case through competent medical authority and the other evidence that is required." Id. at ¶ 25. If the exposed person is not a smoker, then "the plaintiff does not have to establish a prima facie case * * *." Id. at ¶ 24.

*Fields I* at ¶ 23-24. Because the trial court had not resolved the disputed issue of whether Paul was a smoker, we remanded the matter to the trial court for a determination as outlined in *Farnsworth*.

**{¶ 5}** Upon remand, Pearl filed a motion for a judicial determination that Paul is a nonsmoker under the statute. Following a hearing, the trial court granted the motion, finding that Paul did not meet the statutory definition of a "smoker" under R.C. 2307.91(DD). The court further ordered the case to proceed without requiring a prima facie showing under the asbestos statute. CSX timely filed this appeal.

**{¶ 6}** As an initial matter, we address whether there is a final, appealable order to confer appellate jurisdiction. The trial court's order was not merely a determination of Paul's smoking status, but rather, the order effectively denied CSX the opportunity for an administrative dismissal.

**{¶ 7}** In *In re Special Docket No. 73958*, 115 Ohio St.3d 425, 2007-Ohio-5268, 875 N.E.2d 596, the Ohio Supreme Court stated as follows:

> In the case before us, the trial court's order denies the appellants' motion to apply the prima facie filing requirements in R.C. 2307.92, which the General Assembly enacted with the intent to "give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos" and to enable courts to administratively dismiss the claims of those claimants who cannot present prima facie evidence of an impairment caused by exposure to asbestos. Am.Sub.H.B. No. 292, Section 3(B), 150 Ohio Laws, Part III, 3991. If the appellants in this matter are unable to challenge the trial court's finding in an interlocutory appeal, they will be unable to obtain the remedy set forth in the legislation upon an appeal from a final judgment—it would be meaningless at that point either to require a claimant to present prima facie evidence, or to administratively dismiss a claimant's case for failure to present prima facie evidence, after the case has proceeded to a final judgment on the merits. As we stated in *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, at ¶ 18, "without immediate judicial review, that mistake is uncorrectable."

Id. at ¶ 31. See also *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217 (order that determined the action with respect to the prima facie showing and prevented a judgment in favor of defendants with respect to the prima facie showing was final and appealable).

**{¶ 8}** Here, the trial court initially denied CSX's motion for an administrative dismissal and reconsideration thereof. In *Fields I*, we reversed the ruling and remanded the matter for the court to determine whether Paul was a smoker. The trial court resolved the issue by finding that Paul was not a smoker as defined in R.C. 2307.91(DD). This determination obviated the prima facie requirements of R.C. 2307.92(C)(1) and (D)(1) and effectively denied the provisional remedy of an administrative dismissal, which had been

sought by CSX.[1]  It also prevented CSX's ability to obtain an administrative dismissal under R.C. 2307.93(C).  Further, as was the case in *In re Special Docket No. 73958*, a review of the issue following final judgment would not afford CSX a meaningful or effective remedy.   See also *Sinnott* at ¶ 24-26.    Therefore, we find that the subject order is a provisional remedy that satisfies the requirements for a final, appealable order under R.C. 2505.02(B)(4).

{¶ 9}   In this appeal, CSX has presented three assignments of error for our review. Because they are related, we shall address them together.   The assigned errors provide as follows:

> 1.   The trial court erred in finding Paul Fields (Decedent) was not a "smoker" pursuant to the Ohio Asbestos Statute.
>
> 2.   The trial court erred in determining that the undisputed medical records establishing [Paul's] smoking history were inadmissible hearsay and could not be used to establish that [he] was a "smoker" under the Ohio Asbestos Statute * * *.
>
> 3.   The trial court erred by not considering the "Asbestos Questionnaire," completed by [Paul], which is admissible pursuant to Evid. R. 804(B)(3).

{¶ 10}  Am.Sub.H.B. No. 292, Section 3(B), 150 Ohio Laws, Part III, 3991, which enacted R.C. 2307.91 through 2307.98, created a procedure to prioritize the administration and resolution of asbestos-related claims. See, generally, *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, ¶ 17; *Norfolk S. Ry. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919, ¶ 16. The provisions establish

---

[1]   In *Fields I*, this court determined that an order that denies a motion to administratively dismiss an asbestos-related complaint is a final, appealable order.

certain minimal evidentiary requirements for bringing a tort action alleging asbestos claims and allow for an administrative dismissal without prejudice when a proper showing has not been made. See R.C. 2307.92 and 2307.93. The Ohio Supreme Court has characterized the provisions as mere administrative procedures that do not impose any new substantive burdens or bear upon a plaintiff's substantive right to recover. See *Ackison* at ¶ 17; *Bogle* at ¶ 24.

{¶ 11} Insofar as these preliminary proceedings are administrative in nature, we must recognize that the rules of evidence do not strictly apply. "[E]vidence which might constitute inadmissible hearsay where stringent rules of evidence are followed must be taken into account in [administrative] proceedings * * * where relaxed rules of evidence are applied." *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 44, 430 N.E.2d 468. While the discretion to consider hearsay evidence cannot be exercised in an arbitrary manner, "[s]tatements that would elsewhere be excluded as hearsay will be admissible in an administrative proceeding where they are not inherently unreliable, and may constitute reliable, probative, and substantial evidence." *Vinci v. Ohio State Bd. of Pharmacy*, Tuscarawas App. Nos. 2008 AP 08 0052 and 2008 AP 08 0053, 2010-Ohio-451, ¶ 118.[2]

{¶ 12} In *Fields I*, this court remanded the case to the trial court for a determination whether Paul was a smoker for purposes of applying R.C. 2307.92 and 2307.93. On

---

[2] We recognize that in *Farnsworth*, 2009-Ohio-3890, this court stated that the parties must submit evidence that would be admissible under the rules of evidence with regard to a smoker dispute. Id. at ¶ 31. However, this is not to say that a party must establish the admissibility of the evidence at the administrative stage of the proceedings, where a relaxed evidentiary standard is applied.

remand, the court found that Paul did not meet the statutory definition of a "smoker" without giving credibility to evidence submitted by both parties. Rather than applying a relaxed evidentiary standard, the court refused to consider Paul's own medical records and instead relied solely upon the testimony of his wife, who asserted that Paul had quit smoking in 1991, more than 15 years prior to his diagnosis with lung cancer.[3] The accuracy of the medical records was not questioned, and there is nothing to suggest that the records are not reliable. Furthermore, it is undeniable that records containing a medical history of smoking would be reflective of and relevant to a person's smoking status.

{¶ 13} As this court recognized in *Farnsworth* and *Fields I*, a trial court must review evidence, including evidence of the exposed person's medical history submitted by both parties to resolve whether the exposed person is a smoker. The medical records submitted in this matter consistently report Paul's history of having been a smoker for over 40 pack years, having quit in 1996. The trial court abused its discretion in not considering this evidence.

{¶ 14} This is not to say that the medical records are absolute evidence that Paul was a smoker. Rather, the medical records as well as Pearl's affidavit are among the evidence that must be considered by the trial court in making its determination. So long as the trial court's determination is supported by competent, credible evidence in the record, its decision should be upheld. See *Farnsworth,* 2009-Ohio-3890, at ¶ 42 (recognizing that an

---

[3] To be deemed a smoker under R.C. 2307.91(DD), the person must have smoked the equivalent of "one-pack year" during the last 15 years. A "pack year" is the average number of packs of cigarettes smoked per day multiplied by the number of years the person has smoked.

appellate court should not substitute its judgment for the trial court's when the factual findings are supported by some competent and credible evidence).

{¶ 15} Additionally, notwithstanding that the rules of evidence are to be relaxed at the administrative stage of the proceedings, the trial court erroneously found that "the medical records are hearsay and not within the exception provided by Evid.R. 803(4) as the statements were not made for purposes of medical diagnosis or treatment." This determination was not consistent with the rule.

{¶ 16} Evid.R. 803(4) provides for the admissibility of "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." The staff notes to the rule provide: "The circumstantial guaranty of trustworthiness of this exception is derived from the assumption that a person will be truthful about his physical condition to a physician because of the risk of harmful treatment resulting from untruthful statements. * * * The exception is limited to those statements made by the patient which are reasonably pertinent to an accurate diagnosis and should not be a conduit through which matters of no medical significance would be admitted." Staff Notes to Evid.R. 803(4).

{¶ 17} "When examining the admissibility of hearsay statements under Evid.R. 803(4), the primary inquiry is whether the statements were made for the purposes of medical diagnosis or treatment, as opposed to some other purpose." *State v. Bradley*, Van Wert App. No. 15-10-03, 2010-Ohio-5422, ¶ 48. As expressed by the Ohio Supreme Court: "[T]he test under Evid.R. 803(4) goes solely to whether a statement was made for purposes

of medical diagnosis or treatment. If a statement is made for purposes of diagnosis or treatment, it is admissible pursuant to Evid.R. 803(4)." *State v. Dever* (1992), 64 Ohio St.3d 401, 414, 596 N.E.2d 436.

{¶ 18} There are instances in which a statement may not be made for purposes of obtaining a medical diagnosis or treatment, as may arise in the course of the examination of a child-abuse or rape victim or with regard to personal-injury claims. In *Hatfield v. Andermatt* (1988), 54 Ohio App.3d 188, 561 N.E.2d 1023, relied on by the trial court, the court found that statements of a bicyclist who was in a collision with a police cruiser concerning the cause of the injury or the manner in which the accident happened were not admissible insofar as they were not pertinent to the diagnosis or treatment of the patient. This is not such a case.

{¶ 19} Here, the statements reporting Paul's smoking history were made for purposes of his medical diagnosis or treatment. A person's smoking history is regularly provided to treating physicians in connection with obtaining medical diagnosis or treatment and is obviously pertinent thereto. Moreover, it would be reasonable for a doctor to rely on such information, and there is no reason to suspect that a person would be untruthful about his smoking history. Whether the information was provided before or after diagnosis of lung cancer is irrelevant. Therefore, Paul's medical records would be admissible under Evid.R. 803(4). Further, the evidence could prove to be admissible under the business-records exception of Evid.R. 803(6) through a qualified witness at trial. Accordingly, we find that the trial court clearly abused its discretion in failing to consider this evidence.

**{¶ 20}** Insofar as CSX also submitted an asbestos questionnaire purportedly signed by Paul, much of the document is handwritten, while the pertinent section of the smoking history is typewritten. CSX argues that the evidence would be admissible as a statement against interest pursuant to Evid.R. 804(B)(3). CSX further claims that the evidence qualifies as an adoptive admission under Evid.R. 801(D)(2)(b) because the questionnaire purportedly was submitted by Paul in the course of other legal proceedings. However, because the typewritten section is suspect, it was within the trial court's discretion to exclude it from consideration at this stage of the proceedings. This is not to say that the authenticity and reliability of the document could not later be shown.

**{¶ 21}** Because the trial court failed to properly consider the evidence before it, we must again remand the matter to the trial court for compliance with the administrative provisions. The trial court must follow the mandate herein and also must adhere to this court's decisions in *Fields I* and *Farnsworth*. We reiterate that in resolving the issue of Paul's smoking status, the trial court must consider all competent, credible evidence submitted by the parties, which would include the medical reports of Paul's smoking history. As we stated in *Farnsworth*: "[I]f a defendant submits competent, credible evidence establishing that a plaintiff is a smoker, then the burden should shift to a plaintiff to establish that the exposed person is not a smoker as defined in R.C. 2307.91(D). * * * [I]t is the plaintiff who has the ultimate burden to prove that the exposed person is not a smoker, since it is the plaintiff who ultimately must establish a prima facie case, if the exposed person is indeed a smoker, to prevent the case from being dismissed." 2009-Ohio-3890, at ¶ 32.

{¶ 22} Accordingly, we sustain the second assignment of error, overrule the third assignment of error, and decline to address the first assignment of error as it remains premature.

Judgment reversed and cause remanded.


BLACKMON, P.J., and CONWAY COONEY, J., concur.