[Cite as *Paul v. Consol. Rail Corp.*, 2013-Ohio-1038.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98716

## VICTOR J. PAUL

PLAINTIFF-APPELLEE

vs.

## CONSOLIDATED RAIL CORP., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767335

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEYS FOR APPELLANTS**

Patrick C. Booth
David A. Damico
Ira L. Podheiser
Burns White L.L.C.
Four Northshore Center
106 Isabella Street
Pittsburgh, PA    15212

**ATTORNEYS FOR APPELLEE**

Christopher Murphy
Michael L. Torcello
Doran & Murphy
1234 Delaware Avenue
Buffalo, NY    14209

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendants-appellants, Consolidated Rail Corporation, American Premier Underwriters, Inc. and Norfolk Southern Railway Company appeal the trial court's denial of their motion for an administrative dismissal of plaintiff-appellee Victor Paul's claims alleging injury from workplace exposure to products containing asbestos. Appellants argue that the trial court improperly applied this court's precedent concerning asbestos claims brought by a plaintiff who is treated at the Veterans Administration. For the reasons that follow, we affirm.

**{¶2}** In a complaint filed on October 21, 2011, Paul alleged that he was exposed to asbestos, asbestos dust, diesel fumes and other toxic substances during his employment with the railroad in violation of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. 51 et seq. and, as a result of such exposures, he developed throat and lung cancer. Appellants moved the trial court to administratively dismiss Paul's action for failing to proffer the prima facie evidence required for a "smoker" plaintiff to maintain an asbestos-related lung cancer claim under R.C. 2307.92(C).

**{¶3}** In response, Paul offered his Veterans Administration medical records relating to his treatment for lung cancer, an affidavit from a railroad co-worker detailing Paul's exposure to asbestos during his employment and an expert report from Dr. Laxminarayana C. Rao. Rao is a certified "B-reader" and is board certified in internal medicine as well as pulmonary medicine. Rao did not treat Paul due to Paul having

been treated by the Veterans Administration but instead reviewed Paul's medical records and concluded that the records were consistent with a history of exposure to asbestos dust and that asbestos contributed to the development of his cancer.

{¶4} The trial court denied appellants' motion to administratively dismiss. Appellants timely filed the present appeal asserting two assignments of error.

## Assignment of Error I

The trial court's reliance on the *Sinnott* / [Veterans Administration] exception is misplaced as Paul presented no evidence demonstrating exposure to asbestos.

## Assignment of Error II

Because Paul had numerous Non-[Veterans Administration] physicians, the *Sinnott* exception is inapplicable.

{¶5} Regarding appellant's first assignment of error, there is no dispute in the present instance that Paul was a smoker within the meaning of R.C. 2307.91(DD). When the plaintiff who claims that asbestos exposure caused lung cancer is a smoker, R.C. 2307.92(C) sets forth the requirements plaintiff must present to establish a prima facie case, including: evidence from a competent medical authority that the exposed person has primary lung cancer, and that the exposure to asbestos is a substantial contributing factor; evidence that there was a latency period of ten or more years since the exposure and the diagnosis of lung cancer and evidence of either the exposed person's substantial occupational exposure or evidence that the exposure to asbestos was

at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a certified industrial hygienist or safety professional.[1]

{¶6} Under R.C. 2307.93(A)(1), defendants may challenge the adequacy of the plaintiff's prima facie evidence. R.C. 2307.93(B) provides that if the defendant does challenge the adequacy of the plaintiff's prima facie evidence, the court "shall determine from all of the evidence submitted" whether the proffered prima facie evidence meets the minimum requirements for cases involving smoker lung cancer, as specified in R.C. 2307.92(C). The trial court shall resolve the issue of whether the plaintiff has made the prima facie showing required by division (B), (C), or (D) of R.C. 2307.92 by applying the standard for resolving a motion for summary judgment. R.C. 2307.93(B).

{¶7} If the court finds, after considering all of the evidence, that the plaintiff failed to make a prima facie showing, then the court must administratively dismiss the claim without prejudice while retaining jurisdiction to reinstate the case in the event the plaintiff is later able to make the required prima facie showing. R.C. 2307.93(C).

{¶8} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241.

---

[1] The Ohio Supreme Court has determined that "[t]he prima facie filing requirements of R.C. 2307.92 are procedural in nature, and their application to claims brought in state court pursuant to the FELA and the LBIA does not violate the Supremacy Clause, because the provisions do not impose an unnecessary burden on a federally created right." *Norfolk S. Ry. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919, syllabus. Therefore, the prima facie requirements contained in R.C. 2307.92(C)(1) do apply to this case. *Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Nos. 93479 and 93689, 2010-Ohio-2894, ¶ 9.

Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶9} Appellants argue that in his first assignment of error Paul has failed to offer evidence of substantial occupational exposure to asbestos, one of the components of a prima facie case under R.C. 2307.92(C)(1)(c)(i). Although appellant cites this court's decision in *Sinnott v. Aqua-Chem*, 8th Dist. No. 88062, 2008-Ohio-3806, that case addressed the ability of a plaintiff who was treated at the Veterans Administration to satisfy R.C. 2307.92(C)(1)(a)'s prima facie requirement that a plaintiff provide a diagnosis by a competent medical authority that the exposed person has primary lung cancer and that exposure to asbestos is a substantial contributing factor to that cancer. While relevant to appellants' second assignment of error, *Sinnott* has no bearing on the appellants' present argument and did not create a new requirement that a plaintiff

demonstrate his substantial occupational exposure to asbestos through his Veterans Administration records.

{¶10} R.C. 2307.91(GG) defines "substantial occupational exposure to asbestos" as

> employment for a cumulative period of at least five years in an industry and an occupation in which, for a substantial portion of a normal work year for that occupation, the exposed person did any of the following:
>
> (1) Handled raw asbestos fibers;
>
> (2) Fabricated asbestos-containing products so that the person was exposed to raw asbestos fibers in the fabrication process;
>
> (3) Altered, repaired, or otherwise worked with an asbestos-containing product in a manner that exposed the person on a regular basis to asbestos fibers;
>
> (4) Worked in close proximity to other workers engaged in any of the activities described in division (GG)(1), (2), or (3) of this section in a manner that exposed the person on a regular basis to asbestos fibers.

{¶11} In the present instance, Paul offered the affidavit of Angelo Vinci, one of his railroad coworkers throughout the 1970s. Vinci averred that during that time period he and Paul worked with and around asbestos-wrapped pipes and brake shoes. Vinci averred that the asbestos insulation was poorly maintained and that as a result, he and Paul regularly breathed asbestos dust. This court has previously upheld the use of nearly identical evidence to establish substantial occupational exposure to asbestos. *Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Nos. 93479 and 93689, 2010-Ohio-2894, ¶ 26-28. Vinci's affidavit was sufficient to withstand administrative dismissal on the issue of Paul's substantial occupational exposure to asbestos

**{¶12}** Appellant's first assignment of error is overruled.

**{¶13}** Regarding appellants' second assignment of error, pursuant to R.C. 2307.92(C)(1)(a), a plaintiff who qualifies as a smoker and brings an asbestos claim based upon lung cancer must present a diagnosis by a competent medical authority that the exposed person has primary lung cancer and that exposure to asbestos is a substantial contributing factor to that cancer. A "competent medical authority" is statutorily defined in R.C. 2307.91(Z) and amongst other requirements, mandates that diagnosis be provided by a doctor who "is actually treating or has treated the exposed person and has or had a doctor-patient relationship with the person." R.C. 2307.91(Z)(2).

**{¶14}** In *Sinnott*, this Court examined the application of the prima facie case requirements of R.C. 2307.92(C)(1) to a plaintiff whose lung cancer was treated by physicians at the Veterans Administration. We noted that a plaintiff treating at the Veterans Administration possessed a limited ability to achieve the typical doctor-patient relationship envisioned by R.C. 2307(C)(1) and R.C. 2307.91(Z)(2). We explained:

> [A]chieving the typical doctor-patient relationship in the statute is not a bright line test. Nor is it the sole factor in the statute. * * * The statute is not in place to penalize veterans or other nontraditional patients who were properly diagnosed by competent medical authority personnel and have the medical records and other evidence to support their claim.

*Sinnott v. Aqua-Chem*, 8th Dist. No. 88062, 2008-Ohio-3806, ¶ 22.

**{¶15}** Appellants argue that the *Sinnott* exception should not apply to Paul because, in addition to his treatment at the Veterans Administration for his lung cancer, Paul was treated by non-Veterans Administration medical personnel for other medical

conditions, including throat cancer. Appellants essentially argue that the *Sinnott* exception only applies in instances where a plaintiff's medical treatment, not only for the lung cancer that is the subject of the prima facie case analysis but for *any* medical condition, occurs exclusively at the Veterans Administration. Appellants are unable to cite any authority for this proposition within *Sinnott* or any of our decisions thereafter because none exists. *Sinnott* contains no such requirement and we decline to adopt appellants' proposed modification.

{¶16} In response to Paul's assertion that his lung cancer was treated exclusively through the Veterans Administration, appellants attached certain medical records from Ohio Health Care and Ohio Head and Neck Surgeons, Inc. However, appellants fail to cite any portion of these medical records or any other document in the record that would indicate that these health care providers treated Paul for his lung cancer. Appellants offer no argument as to how any treatment Paul received outside the Veterans Administration for unrelated medical issues is in any way relevant to the analysis of Paul's compliance with R.C. 2307(C)(1) for the purposes of his lung cancer claim.

{¶17} The fact that Paul treated outside the Veterans Administration for medical issues irrelevant to R.C. 2307(C)(1) is of no consequence and the trial court did not err in applying the *Sinnott* exception to the present facts.

{¶18} Finally, appellants argue that the language employed by Dr. Rao in his expert report was insufficient to establish that Paul's exposure to asbestos was a

substantial contributing factor pursuant to R.C. 2307.91(FF).   R.C. 2307.91(FF) states:

(FF) "Substantial contributing factor" means both of the following:

(1) Exposure to asbestos is the predominate cause of the physical impairment alleged in the asbestos claim.

(2) A competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred.

{¶19}   In the present instance, Dr. Rao opined in relevant part:

* * * I have also come to the conclusion based upon his occupational history of exposure to asbestos dust that the presence of bilateral diaphragmatic plaque is consistent with a history of exposure to asbestos dust.   Asbestos dust is a known carcinogen, and all types of cancer, including oropharyngeal and lung cancer, occur with increased frequency in the presence of occupational exposure to asbestos dust.   In addition he was a smoker.   Smoking increases the risk of lung cancer and oropharyngeal cancer substantially in the presence of occupational exposure to asbestos dust.   In addition, he was exposed to diesel fumes and exhaust which is also a carcinogen.   Therefore it is my opinion within a reasonable degree of medical certainty that occupational exposure to asbestos dust and diesel fumes in part contributed to the development of his cancer of the soft palate, uvula and lung.

{¶20}   We find the present expert opinion satisfactory under the statute and distinct from the flawed opinions we previously rejected in *Rossi v. Consolidated Rail Corp.*, 8th Dist. No. 94628, 2010-Ohio-5788 and *Holston v. Adience*, 8th Dist. No. 93616, 2010-Ohio-2482.   In *Rossi*, we rejected a treating physician's opinion that asserted that asbestos exposure "may have" played a role in the development of the decedent's lung cancer.   *Rossi* at ¶ 6.   We found the language in *Rossi* failed to state

an opinion to a reasonable degree of medical certainty.

{¶21} Similarly, in *Holston*, we rejected a treating physician's opinion stating: "In my medical opinion I feel that Mr. Holstons [sic] work history and his history of tobacco use directly contribute to his diagnosis of Lung Cancer." We found the doctor's use of the term "I feel" to be insufficient to state an opinion to a reasonable degree of medical certainty.

{¶22} Contrary to the argument advanced by appellants, *Rossi* and *Holston* did not create a bright line rule requiring substantial-contributing-factor opinions to employ magic words or phrases precisely mirroring the statutory language in R.C. 2307.91(FF).

{¶23} Here, without utilizing magic words precisely mirroring the statutory language of R.C. 2307.91(FF), Dr. Rao's opinion supplied the causal link between Paul's occupational exposure to asbestos dust and his development of lung cancer. As such, the trial court was on firm ground in concluding that Paul had established a prima facie case as required by R.C. 2307.92 and R.C. 2307.93.

{¶24} Appellant's second assignment of error is overruled.

{¶25} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR