[Cite as *Howell v. Consol. Rail Corp.*, 2017-Ohio-6881.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104554**

## KEVIN E. HOWELL

PLAINTIFF-APPELLEE

vs.

## CONSOLIDATED RAIL CORPORATION, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-846529

**BEFORE:** Laster Mays, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**ATTORNEYS FOR APPELLANTS**

**For Consolidated Rail Corporation**

Kevin C. Alexandersen
Thomas E. Dover
Holly Olarczuk-Smith
Gallagher Sharp
Bulkley Building, Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

Dan Himmelfarb
Mayer Brown L.L.P.
1999 K Street, N.W.
Washington, D.C. 20006

**For American Premier Underwriters, Inc.**

Daniel L. Jones
Thomas H. Stewart
Blank Rome, L.L.P.
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202


**ATTORNEYS FOR APPELLEE**

Christopher M. Murphy
Colleen M. Blinkoff
Michael Torcello
Doran & Murphy
1234 Delaware Avenue
Buffalo, New York 14209

Kevin E. McDermott
20525 Center Ridge Road, Suite 200
Rocky River, Ohio 44116

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellants, Consolidated Rail Corporation ("Consolidated"), America Premier Underwriters, Inc. and its predecessors in interest and/or liability ("APU"), and CSX Transportation, Inc. ("CSX"), (collectively "appellants") appeal the trial court's denial of their motion for administrative dismissal of the complaint of plaintiff-appellee Kevin E. Howell ("Howell") for failure to meet the prima facie requirements of the Ohio Asbestos Reform Act, promulgated under H.B. 292 and codified at R.C. 2307.91 through 2307.98 ("Ohio Act") for a smoker raising an asbestos-related lung cancer claim. We affirm.

I. **Background and Facts**

{¶2} Howell was employed by Consolidated in 1975, in the railroad signal maintenance department repairing and maintaining railroad signals and signal houses ("signals") located on railroad tracks throughout Northern and Central Ohio. Signals often contained asbestos boards, and Howell's duties included handling and drilling holes in the boards, creating asbestos dust. Howell had also been a heavy smoker for approximately 45 years.

{¶3} Howell retired in 2013, after 38 years of employment. He was diagnosed with lung cancer and lung disease in April 2015. On June 4, 2015, Howell filed suit

against appellants, alleging that his condition is due to his exposure to asbestos, asbestos dust, and toxic dusts and fumes (silica and diesel)[1] during his employment.

{¶4} Howell asserts employment-related causes of action for exposure to asbestos and other toxic substances based on federal, state and local statutes, regulations and policies, as well as under common law, including negligence, failure to provide a safe workplace and failure to warn. Pertinent to this appeal, Howell complains that appellants violated the Federal Employers' Liability Act ("FELA"), 45 U.S.C. 51, et seq. Railroad workers are not covered by the Ohio workers' compensation plan. FELA provides an avenue for recovery to railroad employees suffering death or injury due to the rail company's negligence, including the failure to provide a safe working environment.

{¶5} Appellants counter that Howell's claims must meet the prima facie filing requirements of the Ohio Asbestos Reform Act, appellants moved the trial court for an administrative dismissal under R.C. 2307.92 and 2307.93, on the grounds that Howell failed to "submit admissible and sufficient evidence" that: (1) he experienced "substantial occupational exposure to asbestos," and (2) the exposure to asbestos was a "substantial contributing factor" for his primary lung cancer. R.C. 2307.92(C); *Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, ¶ 8

---

[1] The nonasbestos claims are stayed pending this appeal. This court has jurisdiction of the instant appeal pursuant to R.C. 2505.02(B)(4)(a)-(b) as a provisional remedy that prevents a judgment in the action in favor of the appealing party and the appealing party would not be afforded a meaningful remedy by an appeal following final judgment as to all claims.

("R.C. 2307.92(C)(1) sets forth the requirements that a smoker with lung cancer must present to establish a prima facie case.").

{¶6} The trial court conducted hearings on the pending motion in April and May 2016, which was ultimately denied:

> The facts are that Mr. Howell does have cancer and he was a smoker and he was exposed to asbestos. The doctor took those facts into consideration, recognized the synergistic effect of combining asbestos with cigarette smoking, and he opined that they were both substantial contributing factors in Mr. Howell's disease process. That is all that the statute requires.

{¶7} The instant appeal followed.

## II. Assignments of Error

{¶8} Appellants present two assignments of error:

I. Howell has not made a prima facie showing of "substantial occupational exposure to asbestos."

II. FELA does not excuse Howell from making the prima facie showings required by H.B. 292.

## III. Law and Analysis

{¶9} For purposes of judicial economy, we combine the assigned errors for review. We affirm the trial court's denial of appellants' motion for administrative dismissal.

## A. Standard of Review

**{¶10}** A trial court applies a summary judgment standard in assessing the sufficiency of R.C. 2307.92 prima facie evidence showing under R.C. 2307.93: Upon a challenge to the adequacy of the prima facie evidence of the exposed person's physical impairment, R.C. 2307.93(B) directs a court to resolve the issue whether a plaintiff has made a prima facie showing required by R.C. 2307.92(B), (C), or (D) by applying the standard for resolving a motion for summary judgment. Pursuant to R.C. 2307.93(C), a court "shall administratively dismiss" the plaintiff's claim without prejudice upon a finding of failure to make the prima facie showing required by R.C. 2307.92(B), (C), or (D). However, R.C. 2307.93(C) requires a court to maintain its jurisdiction over any case that is administratively dismissed and permits the plaintiff to reinstate the case if the plaintiff makes a prima facie showing that meets the minimum requirements specified in R.C. 2307.92(B), (C) or (D).

*Renfrow v. Norfolk S. Ry. Co.*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, ¶ 17.

**{¶11}** Our review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241.

Summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue of material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. *Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, ¶12, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

*Bland v. Ajax Magnethermic Corp.*, 8th Dist. Cuyahoga No. 95249, 2011-Ohio-1247, ¶ 7.

**B.      Discussion**

{¶12}      FELA cases adjudicated in the state courts of Ohio are subject to the procedural requirements of   R.C. 2307.91, 2307.92 and 2307.93.  *Norfolk S. Ry. Co. v. Bogle,* 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919, ¶ 8, citing *St. Louis S.W. Ry. Co. v. Dickerson*, 470 U.S. 409, 411, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985).   "State procedural rules therefore govern FELA claims in state court."   *Id.*

{¶13}      R.C. 2307.92(C)(1) prescribes the prima facie showing required of smokers pursuing asbestos claims in Ohio:

> No person shall bring or maintain a tort action alleging an asbestos claim based upon lung cancer of an exposed person who is a smoker, in the absence of a prima-facie showing, in the manner described in division (A) of section 2307.93 of the Revised Code, that the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition. That prima-facie showing shall include all of the following minimum requirements:
>
> (a)      A diagnosis by a *competent medical authority* that the exposed person has primary lung cancer and that exposure to asbestos is a substantial contributing factor to that cancer;
>
> (b)      Evidence that is sufficient to demonstrate that at least ten years have elapsed from the date of the exposed person's first exposure to asbestos until the date of diagnosis of the exposed person's primary lung cancer. The ten-year latency period described in this division is a rebuttable presumption, and the plaintiff has the burden of proof to rebut the presumption.

(c)    Either of the following:

(I)    Evidence of the exposed person's substantial occupational exposure to asbestos;

(ii)   Evidence of the exposed person's exposure to asbestos at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a scientifically valid retrospective exposure reconstruction conducted by a certified industrial hygienist or certified safety professional based upon all reasonably available quantitative air monitoring data and all other reasonably available information about the exposed person's occupational history and history of exposure to asbestos.

(Emphasis added.)

{¶14}   The competent medical authority's supporting evidence must demonstrate that:

[T]he exposed person has primary lung cancer, and that the exposure to asbestos is a substantial contributing factor; evidence that there was a latency period of ten or more years since the exposure and the diagnosis of lung cancer; and evidence of either the exposed person's substantial occupational exposure or evidence that the exposure to asbestos was at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a certified industrial hygienist or safety professional.

R.C. 2307.92(C)(1); *Hoover,* 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894 at ¶ 8.

{¶15}    A  "competent  medical  authority"  must  be  a  board  certified: (1) pulmonary  specialist;  (2)  pathologist;  (3)  occupational  medicine  specialist; (4) oncologist; or (5) internist.  R.C. 2307.91(Z)(1).  The claimant and doctor must have, or previously have had, a doctor-patient relationship, and the doctor must have actually

treated the claimant.  R.C. 2307.91(Z)(2).  The doctor may not expend more than 25 percent of practice time, or earn more than 25 percent of revenues, serving as an expert or consultant for potential or actual tort actions.   R.C. 2307.91(Z)(4).

{¶16}   The doctor may not rely on any of the following as a basis for diagnosis:

(a)     The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition in violation of any law, regulation, licensing requirement, or medical code of practice of the state in which that examination, test, or screening was conducted;

(b)     The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that was conducted without clearly establishing a doctor-patient relationship with the claimant or medical personnel involved in the examination, test, or screening process;

(c)     The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that required the claimant to agree to retain the legal services of the law firm sponsoring the examination, test, or screening.

R.C. 2307.92(Z)(3)(a)-(c).

{¶17}   The Ohio Act was   promulgated to:

(1) give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos; (2) fully preserve the rights of claimants who were exposed to asbestos to pursue compensation should those claimants become impaired in the future as a result of such exposure; (3) enhance the ability of the state's judicial systems and federal judicial systems to supervise and control litigation and asbestos-related bankruptcy proceedings; and (4) conserve the scarce resources of the defendants to allow compensation of cancer victims and others who are physically impaired by exposure to asbestos while securing the right to similar compensation for those who may suffer physical impairment in the future.   Am.Sub.H.B. 292, Section 3(B).

*In re Special Docket No. 73958*, 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444, ¶ 3.

{¶18} While FELA does not preempt the procedural aspects of the Ohio Act, that is not true of the substantive provisions, "which are governed by federal negligence standards, with no regard to Ohio state law." *Weitzman v. ISG Cleveland Works Ry. Co.*, 8th Dist. Cuyahoga No. 88546, 2007-Ohio-2918, ¶ 8, citing *Hinkle v. Norfolk & W. Ry. Co.,* 8th Dist. Cuyahoga No. 69815, 1996 Ohio App. LEXIS 3105 (July 18, 1996).

{¶19} FELA requires liberal construction in furtherance of its remedial goals. *Id*. The statute is based on the liability of the employer for negligence in protecting the safety and well-being of its employees. *Weitzman* at ¶ 8, citing, *Bianco v. Philadelphia,* Civil Action No. 93-4828, 1995 U.S. Dist. LEXIS 2530 (E.D.Pa. 1995). A claimant must demonstrate "'the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" *Weitzman* at ¶ 9, citing *Vance v. Consol. Rail Corp*., 73 Ohio St.3d 222, 230, 1995-Ohio-134, 652 N.E.2d 776, quoting *Adams v. CSX Transp., Inc*., 899 F.2d 536, 539 (6th Cir.1990); *Robert v. Consol. Rail Corp*., 832 F.2d 3, 6 (1st Cir.1987).

### 1. "Substantial Contributing Factor" Requirement

#### a. Dr. Exten's Medical Opinion

{¶20} Howell submitted a number of medical documents supporting his claims, including the report, and a separate narrative report of his treating physician, Dr. Robert Exten ("Dr. Exten"), a medical doctor specializing in hematology and oncology. Dr. Exten's status as a competent medical authority pursuant to R.C. 2307.91(Z) is not in issue.

{¶21} Dr. Exten diagnosed Howell with primary lung cancer. Appellants argue that Dr. Exten's opinion is unsworn and therefore constitutes inadmissable hearsay. We reject appellants' argument, which focuses on strict adherence to Civ.R. 56. However, the Ohio Act provides that a court shall "resolve the issue of whether the plaintiff has made the prima-facie showing required by division (B), (C), or (D) of section 2307.92 by applying the *standard* for resolving a motion for summary judgment," not that the evidentiary prescriptions of Civ.R. 56 apply. (Emphasis added.) R.C. 2307.92(B).

{¶22} There is nothing in the plain language of R.C. 2307.92 requiring that medical opinions be accompanied by sworn affidavits. *Turner v. Certainteed Corp.*, 2016-Ohio-7776, 66 N.E.3d 802, ¶ 15 (8th Dist.) (requiring the filing of a written report and supporting test results). Dr. Exten's opinion is signed, dated, and echoes the requisite prima facie elements of R.C. 2307.92(C)(1).

{¶23} As we have previously acknowledged, the preliminary proceedings under the Ohio Act are "mere administrative procedures that do not impose any new substantive

burdens." Thus, a relaxed evidentiary standard applies. *Fields v. CSX Transp., Inc.*, 197 Ohio App.3d 561, 2011-Ohio-6761, 968 N.E.2d 70, ¶ 10-11 (8th Dist.), citing *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008- Ohio-5243, 897 N.E.2d 1118, ¶ 17. "Evidence which might constitute inadmissible hearsay where stringent rules of evidence are followed  must be taken into account in  [administrative] proceedings * * * where relaxed rules of evidence are applied.'"  *Fields* at ¶ 11, citing *Simon v. Lake Geauga Printing Co.,* 69 Ohio St.2d 41, 44, 430 N.E.2d 468 (1982).

> **{¶24}**  Appellants also complain that the affidavit is substantively insufficient to establish that Howell's exposure to asbestos was a "substantial contributing factor" to his impairment, which is defined as meeting both of the following:
>
> (1)  Exposure to asbestos is the predominate cause of the physical impairment alleged in the asbestos claim.
>
> (2)  A competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred.

R.C. 2307.91(FF).

**{¶25}**  In support of their position, appellants' rely on  *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173, where the court determined that the claimant failed to establish a prima facie case on the grounds that the doctor did not qualify as a competent medical authority as defined by the Ohio Act.  The court also stated that the dismissal based on a failure of proof did not prevent the plaintiff from moving to reinstate the case upon presentation of the "proper prima facie evidence in the future."  *Id*. at ¶ 33.

**{¶26}** While the issue of causation was not technically before the court due to the doctor's failure to qualify as a competent medical authority, the *Renfrow* court elected to discuss its earlier decision in *Ackison,* 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, ¶ 48, finding that causation under R.C. 2307.91(FF)(2) is a "but for" test:

> R.C. 2307.91(FF)(2) "is, in essence, a 'but for' test of causation, which is the standard test for establishing cause in fact. * * * Cause in fact is distinct from proximate, or legal cause. Once cause in fact is established, a plaintiff then must establish proximate cause in order to hold a defendant liable." *Ackison,* ¶ 49, states: "When R.C. 2307.91(FF)(1) and (2) are read in pari materia, it appears that the two subsections were intended to require that asbestos exposure be a significant, direct cause of the injury to the degree that without the exposure to asbestos, the injury would not have occurred." We determined in *Ackison* that the "definition of 'substantial contributing factor' does not alter the proof necessary to establish particular causation by a particular defendant when the trier of fact reviews the merits of a claim." *Id*. at ¶ 52.

*Renfrow* at ¶ 20.

**{¶27}** Renfrow's doctor opined that asbestos exposure "*in part* contributed" to the lung cancer and "acted synergistically with the cigarette smoking, diesel fumes, and exhaust to greatly increase the risk of lung cancer beyond that expected from either exposure alone." (Emphasis added.) *Id*. at ¶ 23. The *Renfrow* court determined that the language failed to establish that asbestos exposure was the "predominate cause" of the appellant's lung cancer, nor did it state that, "without the asbestos exposure," the appellant's "lung cancer would not have occurred." *Id.* at ¶ 23.

**{¶28}** "No new guidance was established by the Ohio Supreme Court in *Renfrow* regarding how courts should interpret the laws governing asbestos litigation." *Turner,* 2016-Ohio-7776, 66 N.E.3d 802 at ¶ 31. The court "merely reiterated" that

establishment of a prima facie case requires that the asbestos litigant provide a diagnosis by a "competent medical authority *    *    * that the asbestos exposure is a substantial contributing factor." *Id.*

{¶29} In this case, Dr. Exten's report states that: (1) Howell suffered "substantial occupational exposure to asbestos," (2) the "exposure to cigarette smoke and asbestos were both substantial contributing factors to the development of the lung cancer," and (3) that "because of the synergistic effect of asbestos and cigarette smoke, *but for* these exposures his cancer would probably have not occurred." (Emphasis added.) Dr. Exten concluded that Howell's physical impairment was the result of his lung cancer.

{¶30} While we do not require "magic words precisely mirroring the statutory language of R.C. 2307.91(FF),"[2] those words are, in fact, present in Dr. Exten's report.

> One of the statutory prerequisites necessary to establish a prima facie tort action alleging an asbestos claim based upon lung cancer requires a person who is a smoker to demonstrate a diagnosis by a competent medical authority that the exposure to asbestos is a substantial contributing factor. (*See* R.C. 2307.92(C)(1)(a).)

*Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173 at syllabus.

{¶31} The Ohio Act specifically considers the dual causation factors of asbestos exposure and smoking. The plain language states that asbestos must be the "predominate" cause of the impairment. *Ackison,* 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118 at ¶ 33, citing R.C. 2907.91(FF)(1). The Ohio Supreme Court

---

[2] *Paul v. Consol. Rail Corp.*, 8th Dist. Cuyahoga No. 98716, 2013-Ohio-1038, ¶ 23.

acknowledged that the choice of the word "predominate" by the General Assembly is "perplexing" because it "is susceptible of more than one meaning and is therefore ambiguous." *Id.* at ¶ 36. The court refused to construe the term "predominate," as used in R.C. 2307.91(FF)(1), to mean "predominant" because such an interpretation "would alter the common-law element of proximate causation." *Id.* at ¶ 44, 47.

{¶32} The purpose of the Ohio Act is for "'procedural prioritization of the asbestos-related cases on the court's docket. Nothing more. * * * No new substantive burdens are placed on claimants.'" *Renfrow*, 140 Ohio St.3d 371, 2014-Ohio-3666, 18 N.E.3d 1173 at ¶ 15, quoting *Bogle,* 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919 at ¶ 16.

### b.    Reports of Drs. Oliver and Hammerman

{¶33} While we have already determined that the report of Dr. Exten is sufficient to support the prima facie requirements, Howell also submitted medical reports from Drs. L. Christine Oliver ("Dr. Oliver") and Peter Hammerman ("Dr. Hammerman"). Howell and Drs. Oliver and Hammerman did not have a doctor-patient relationship, and they did not actually treat Howell. Therefore, appellants argue that they do not qualify as competent medical authorities, defined in R.C. 2307.91(Z)(2).

{¶34} R.C. 2307.93(B) provides that the court "shall determine from all of the evidence submitted" whether the R.C. 2307.92(C) prima facie elements have been met. A "prima facie showing shall include all of the minimum requirements" in R.C. 2307.92(C): (1) the supporting submission by the competent medical authority (R.C.

2307.92(C)(1)(a)); (2) evidence establishing the exposure and latency period (R.C. 2307.92(C)(1)(b)); and either (3) evidence of substantial occupational exposure to asbestos (R.C. 2307.92(C)(1)(c)(i)), or (4) evidence of exposure based on the scientific criteria described (R.C. 2307.92(C)(1)(c)(ii)).

{¶35}  While R.C. 2307.91(FF)(1) and (2) requires the establishment of causation by a competent medical authority, the statute does not require that all evidence the court may deem relevant under R.C. 2307.92(C)(1)(b)-(c) be issued by a competent medical authority. *See Fields,* 197 Ohio App.3d 561, 2011-Ohio-6761, 968 N.E.2d 70, ¶ 11 (8th Dist.), citing *Simon,*  69 Ohio St.2d 41, 44, 430 N.E.2d 468 ("Insofar as these preliminary proceedings [under R.C. 2307.92 and 2307.93] are administrative in nature, * * * the rules of evidence do not strictly apply.")

### 2.    "Substantial Occupational Exposure to Asbestos" Requirement

{¶36}  R.C. 2307.91(GG) defines substantial occupational exposure to asbestos:

"Substantial occupational exposure to asbestos" means employment for a cumulative period of at least five years in an industry and an occupation in which, for a substantial portion of a normal work year for that occupation, the exposed person did any of the following:

    (1)    Handled raw asbestos fibers;

    (2)    Fabricated asbestos-containing products so that the person was exposed to raw asbestos fibers in the fabrication process;

    (3)    Altered, repaired, or otherwise worked with an asbestos-containing product in a manner that exposed the person on a regular basis to asbestos fibers;

    (4)    Worked in close proximity to other workers engaged in any of the activities described in division (GG)(1), (2), or (3) of this

section in a manner that exposed the person on a regular basis to asbestos fibers.

**{¶37}** Appellants argue that the affidavits of Howell and two coworkers describing the circumstances of exposure to asbestos during employment are insufficient to support the presence of asbestos under the statute. However, this court has previously recognized the efficacy of such evidence. We held in *Hoover*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, that the affidavit of a coworker who worked with Hoover over 25 years around various asbestos-wrapped pipes that were in poor, worn condition, was sufficient to support exposure. *Id*. at ¶ 26-28. *See also Paul v. Consol. Rail Corp.*, 8th Dist. Cuyahoga No. 98716, 2013-Ohio-1038, where a coworker averred that he and Paul regularly inhaled asbestos dust working with poorly maintained asbestos-wrapped brake shoes and pipes. We held that the "affidavit was sufficient to withstand administrative dismissal on the issue of Paul's substantial occupational exposure to asbestos." *Id*. at ¶ 11.

**{¶38}** We reiterate that a smoker/asbestos claimant must navigate the Ohio Act's procedural gauntlet to access substantive FELA recovery.[3] FELA is an act that is to be construed broadly, the scope of which "is not to be narrowed by refined reasoning or for the sake of giving 'negligence' a technically restricted meaning." *Jamison v. Encarnacion*, 281 U.S. 635, 640, 50 S.Ct. 440 74 L.Ed. 1082 (1930). Liberal

---

[3] *In re Special Docket No. 73958*, 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444 at ¶ 26, quoting *Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919 at ¶ 16, quoting *Jones v. Erie R. Co.*, 106 Ohio St. 408, 412, 140 N.E. 366 (1922).

construction is required to permit the purposes for which FELA was enacted to be fulfilled. *Id.*, citing *Miller v. Robertson*, 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265 (1924).

## IV.    Conclusion

**{¶39}** Pursuant to R.C. 2307.93(B), we construe the evidence most strongly in Howell's favor in determining whether a prima facie case has been established. *Wagner v. Anchor Packing Co.,* 4th Dist. Lawrence No. 05CA47, 2006-Ohio-7097, ¶ 39, *Hoover* at ¶ 12.   We find that it has. Appellant's assignments of error are without merit.

**{¶40}** The trial court's judgment is affirmed.   This matter is remanded to the trial court for further proceedings.

It is ordered that appellee recover from appellants costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, SR., J., CONCUR